LILA L. SULLIVAN *v.* NORMAN T. SULLIVAN

INGLIS, C. J., BALDWIN, O'SULLIVAN, COMLEY and ROBERTS, JS.

Argued April 7—decided April 27, 1954

*Benjamin M. Chapnick,* with whom was *Jack B. Talsky,* for the appellant (defendant).

*Francis P. Rohrmayer,* with whom was *Leon RisCassi,* for the appellee (plaintiff).

INGLIS, C. J.  On February 23, 1949, a judgment was entered in this action decreeing, on a cross com-

plaint, a divorce to the defendant on the ground that the plaintiff had committed adultery. In that judgment the custody of Maurine Ann, the minor daughter of the parties, was awarded to the defendant, with the right of reasonable visitation in the plaintiff. The judgment was modified by an order, made on January 30, 1953, awarding custody of the child to the plaintiff on certain conditions. From that order this appeal has been taken.

The defendant has assigned error in the court's refusing to add to the finding twenty-six of the paragraphs of the draft finding, and in its finding of the facts as set forth in twelve of the thirty-five paragraphs of the finding. In spite of this wholesale attack, the finding is not subject to correction in any particular. The essential facts found are the following: The parties were married on September 25, 1946, the defendant having been divorced from a former wife about five days previously. The plaintiff was then nineteen years of age and the defendant about eight years older. Maurine Ann was born November 10, 1946.

The defendant, at the time he was given custody of the child, was living with his two aunts in Willimantic, but his work required him to be away from home except for week ends. The child had lived with the aunts since she was about ten months of age and continued to remain with, and be well taken care of by, them after the divorce. While the defendant was still married to the plaintiff, he was having sexual relations with another woman who knew that he was a married man. As a result, a child named Donna was born on May 15, 1948. Needless to say, these facts were not disclosed to the court at the time of the hearing on the defendant's cross complaint for divorce.

In September, 1951, when the child Donna was over three years of age, the defendant married her mother. In December of the same year, the plaintiff filed a motion for a modification of the custody feature of the divorce decree. It does not appear that that motion was ever pressed, but as soon as the defendant had notice of it he removed Maurine Ann from the home of his aunts and took her to live with him and his new wife and their child. At the time of the hearing which resulted in the order appealed from, the defendant, his wife, Maurine Ann, Donna and another child lived in a four-room apartment on the second floor of a building in Thompson.

The plaintiff, at the time the order appealed from was rendered, was twenty-six years of age. On January 12, 1952, she married a man named DeRobertis, and they live in a very nice house in Manchester. Since the divorce, the plaintiff has seen Maurine Ann at times and places designated by the defendant and has purchased clothes for the child.

Maurine Ann was baptized in the Roman Catholic Church. While she lived with the defendant's aunts, she was taken by them regularly to a Roman Catholic church. The plaintiff attends a Roman Catholic church and desires that the child be brought up in that faith. The defendant on the other hand, although a Roman Catholic, does not attend any church regularly. He has indicated a desire to have Maurine Ann brought up as a Roman Catholic but is not having that done. His present wife is taking the child to a Protestant Episcopal church.

The trial court concluded that inasmuch as the plaintiff has re-established herself, is leading a good and moral life and is happily married, she is now a fit person to have the custody of the child, that the defendant is not a fit person and that the safety,

morals, health and happiness of the child would be imperiled if the sole custody remained with him. It therefore decided that the plaintiff should have custody of Maurine Ann subject to these conditions: The child is to be placed in the Academy of the Holy Family in Baltic, Connecticut, to stay there during each school year until further order of the court. The cost of her board, care and education there is to be divided between the parties, each to pay one-half thereof. The plaintiff and the defendant may each visit the child at the academy during the school year at times stated by the mother superior of the academy. Maurine Ann is to visit each of the parties during one-half of every vacation period. The dates when she will be with each are to be determined by the plaintiff.

The defendant contends on this appeal that the trial court was precluded from making any modification in the portion of the divorce judgment relating to custody because there had been no material change in circumstances since the judgment was rendered. It is true that, for the sake of stability, it is highly desirable that an award of custody once made should be conclusive. It should not later be modified unless new circumstances have arisen. *Freund* v. *Burns,* 131 Conn. 380, 385, 40 A.2d 754, and cases cited. In the present case, however, it is clear that there was a very material change in circumstances between the time of the rendering of the original judgment and the time of the modification of it. Within that period the defendant had removed the child from his aunts' home, where, when the judgment was rendered, she was receiving proper care and nurture, and had taken her to live with his new wife in an overcrowded home. Also, there had been a very material change in the character of the plaintiff and in her home sur-

roundings. These changes were sufficient to warrant a review of the former award of custody.

Error has been assigned in a series of rulings whereby evidence was admitted of immoral conduct on the part of the defendant antedating the divorce. The claim is made that the court should have limited its inquiry to events and conduct after the divorce. This claim is without merit. The situation in the present case is quite different from that in *Krasnow* v. *Krasnow*, 140 Conn. 254, 260, 99 A.2d 104, in which we held that, upon the hearing of a motion for modification of an order for custody, it was proper to exclude evidence of the wife's conduct antedating the original order. In that case there had been no material change of circumstances since the entry of the original order. Accordingly, the sole purpose of the proffered evidence would be to persuade the court to retry an issue which had already been decided. In the case at bar, there had been a change of circumstances after the entry of the original order. The question of custody having once been reopened by reason of that change in circumstances, it was incumbent on the court to determine whether the defendant was a fit custodian at the time of the hearing, not at the time of the original order. To that determination his present character was relevant. His present character could best be judged from a review of his conduct in the past. Inasmuch as it was not likely that his character suffered a complete change at the moment the divorce was granted, it would have been illogical not to consider what his character was before that time. The rulings on evidence were correct.

Another contention made by the defendant is that it was error for the trial court to impose the condition that the child be placed in the Academy of the

Holy Family, there to stay during each school year. The finding discloses that this arrangement was agreeable to the plaintiff but that the defendant would consent to nothing short of his having sole custody. Section 7339 of the General Statutes provides that, in any controversy before the Superior Court as to the custody of minor children, "the court may assign the custody of any of such children to either parent according to its best judgment upon the facts of the case, and upon such conditions and limitations as it shall deem equitable." This grants to the court a wide discretion. The imposition of any condition upon the granting of custody to one of the parents may be assailed only if it constitutes an abuse of that discretion.

Apparently the sole complaint the defendant makes concerning the portion of the order now under consideration is that it assures that the child will be brought up in the Roman Catholic faith. Obviously this does not, as suggested by him, contravene the constitutional guarantee that the "exercise and enjoyment of religious profession and worship, without discrimination, shall forever be free to all persons in this state." Conn. Const. Art. I, § 3. The court's order does not prevent the child from making her own choice of religious affiliation when she reaches an age of discretion. It does no more in this regard than to provide for her religious instruction in the faith into which she was born and in which she has been baptized. It is clearly a wise exercise of discretion under all the circumstances of the case. *Ex parte Tomlinson* v. *French Institute of Notre Dame de Sion,* 232 Mo. App. 597, 109 S.W.2d 73, relied upon by the defendant, is not in point. The award of custody to the defendant in that case was set aside, not because the institution was church affiliated, but

solely on the ground that, inasmuch as both parents had been found to be fit custodians, the law required that custody be awarded to one of them rather than to a third person.

In a case such as this the only relevant ultimate consideration decisive of the question who shall have the custody of the minor child is the welfare of the child. *Scott* v. *Furrow,* 141 Conn. 113, 120, 104 A.2d 224; *Fagan* v. *Fagan,* 131 Conn. 688, 690, 42 A.2d 41. It is apparent from the conclusions reached by the trial court that it recognized this and reached its decision on the basis of what it concluded was best for the child. The subordinate facts found support that conclusion.

There is no error.

In this opinion the other judges concurred.