DOROTHY F. MURPHY *v.* EDWARD J. MURPHY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 7—decided July 17, 1956

*Eugene H. Kaplan,* and *Jawn A. Sandifer* of the New York bar, for the appellant (plaintiff).

*Michael V. Blansfield,* for the appellee (defendant).

WYNNE, J. On September 30, 1954, a judgment granting a divorce to the plaintiff on the ground of intolerable cruelty was rendered in this action. In that judgment the custody of Thomas, the minor son of the parties, was awarded to the plaintiff, with certain rights of visitation in the defendant. The custody of Patricia, the minor daughter of the parties, was awarded to the defendant, with certain rights of visitation in the plaintiff. These were the only issue of the marriage. The judgment was modified by an order, made on August 5, 1955, awarding custody of Thomas to the defendant and making no change as to the custody of Patricia. From that order this appeal has been taken.

The plaintiff has assigned error in finding the facts as set forth in twenty of the eighty-two paragraphs of facts found. She also has assigned error in the court's refusal to add to the finding twenty-eight of the paragraphs of the draft finding. The conclusion of the court is made the subject of ultimate assigned error. The finding does no violence to proven facts and, in spite of the plaintiff's wholesale attack, is not subject to correction in any essential particular.

The unchallenged facts found are the following:

The minor child Thomas was born on February 15, 1948, and Patricia on June 5, 1944. Subsequent to the separation of the parents in 1953, and at the time of the divorce, the plaintiff and Thomas lived at the home of the plaintiff's parents in Oakville. On June 18, 1955, the plaintiff married Dr. Wendell Urling, a dentist practicing in Waterbury. Dr. Urling is a Negro. The plaintiff went to work for Dr. Urling in 1952 and continued in his employment until her marriage to him. She did not disclose to her parents that she intended to marry Dr. Urling. They did not learn of the marriage until a few days after it was entered into and then not from the plaintiff.

On June 30, 1955, the defendant filed a written motion for a modification of the judgment in the divorce action so as to award him custody of Thomas. The hearing on the motion came before the court. The defendant made an oral motion that the plaintiff be adjudged in contempt by reason of a failure to comply with the provisions of the existing order as to the defendant's right to have Thomas during the defendant's vacation period. The court found there was a contempt but imposed no penalty and in this connection used the following language in its memorandum: "The court having in mind its final action on this question of custody will not impose any punishment on the plaintiff for contempt."

It is proper in many cases to examine a memorandum of decision. Maltbie, Conn. App. Proc., § 90. In a case such as the present one, it is inevitable, because what is in a judge's mind bears upon the exercise of a discretion. The trial court recognized this principle and referred in the finding to the analysis made in the memorandum. From the finding and memorandum of decision, it appears that

the court relied on the following facts in addition to those already set forth. By reason of her marriage to Dr. Urling after her divorce from the defendant, the plaintiff was excommunicated from the Catholic Church and from that time on made no provision for the religious education of Thomas. Also, by her remarriage she alienated her own parents and thereby deprived the child of the benefit of the care and good influence which, prior to that time, he had received from them. The defendant would provide a good home for Thomas, where he would be cared for by the defendant's mother and where he would be continuously with his sister Patricia. The defendant would see to it that Thomas had proper religious training.

On these facts the trial court concluded that "the best interest of the children [Thomas and Patricia] lies in the happiness that will come to them from being together, being brought up in a clean, modern, comfortable home, under the supervision of the defendant, and their paternal grandmother, with an opportunity to visit their maternal grandparents ... and with the opportunity to continue their religious education in a Catholic home."

In any case involving the question of the custody of a minor child, the determinative consideration is what is best for the welfare of the child. *Sullivan* v. *Sullivan,* 141 Conn. 235, 242, 104 A.2d 898, and cases there cited. It is clear from the finding that the trial court in its decision of the present case was guided and controlled by this principle. The subordinate facts found amply justify the conclusion that the change of custody was for the best welfare of Thomas. *Sullivan* v. *Sullivan,* supra; *Antedomenico* v. *Antedomenico,* 142 Conn. 558, 562, 115 A.2d 659; *Mullins* v. *Becker,* 113 Conn. 526, 529, 155 A. 705.

The plaintiff in her brief claims that the decision of the trial court was based upon the fact that she had married a Negro. As indicated above, such a consideration was not included in those which led the court to the conclusion reached.

There is no error.

In this opinion the other judges concurred.