## GORDON ADAMS *v.* LAURIE ADAMS

LOISELLE, BOGDANSKI, PETERS, HEALEY and WRIGHT, Js.

Argued December 5, 1979—decision released May 13, 1980

*Wesley W. Horton,* for the appellant (plaintiff).

*Palmer S. McGee, Jr.,* for the appellee (defendant).

WRIGHT, J. The marriage of the plaintiff Gordon Adams and the defendant Laurie Adams was dissolved on December 16, 1976, in the Superior Court at Middletown (*Naruk, J.*), at which time joint custody of the son Michael, born June 22, 1966, and the daughter Hadley Amelia, born July 24, 1969, was given to the plaintiff father and the defendant mother, pursuant to a stipulation between the parties.

During the latter part of the marriage, the defendant wife became extremely depressed, due in large measure to the pornographic leanings and sexual interests of the plaintiff husband. During this period the defendant received psychiatric care and spent ten months at the Institute of Living. At the time of the dissolution the defendant was financially unable to provide an adequate home for the children, and she accordingly decided that joint custody of the children was the proper solution.

At the present time the defendant is pursuing a graduate degree at the University of Connecticut, where she also holds a teaching job for which she is compensated in the amount of $4120 per year. While she still sees a psychiatrist, she has never felt better than she does at the present time. The psychiatrist feels that she is cured.

On July 10, 1978, the defendant filed a motion for modification of the custody order. At that time the children were living with the plaintiff father, who had had primary control over their care and welfare since the dissolution of the marriage. After nearly three days of hearings the referee to whom the matter was referred found that the defendant mother was living at the state university in Mansfield, where she had adequate quarters for the children. The referee found that the defendant's outlook on life and morals was superior to that of the plaintiff. For instance, after the dissolution of the marriage, the plaintiff continued to keep in his home pornographic materials which were found by the children and read by them when the father was not at home. The referee further found that the defendant mother was completely well and was an unusually able and affectionate mother.

The court below thereupon modified the judgment of December 16, 1976, to provide "that the care, custody and education of said minor children is hereby committed to the defendant mother subject to the right of reasonable visitation in the plaintiff father. Custody of said minor children shall remain joint, between the parties, provided, however, that the defendant mother shall have primary control over the care and welfare of said minor children and that they shall reside with the mother. At the end of the present school year in Middletown and not later than July 1, 1979, the children shall spend half of the summer with the defendant mother and the other half of the summer with the plaintiff father. When school opens in the fall of 1979, the minor children shall live with the defendant mother from Sunday night until the following Friday at a convenient hour before 6:00 p.m. when the mother shall bring the minor children to spend the weekend with their father. The father will return the minor children to the mother prior to 6:00 p.m. on the following Sunday."

This court cannot overturn the decision of the trial court unless there has been a clear abuse of discretion. "Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference." *Morrill* v. *Morrill,* 83 Conn. 479, 491, 77 A. 1 (1910); *Stewart* v. *Stewart,* 177 Conn. 401, 408, 418 A.2d 62 (1979); *Kearney* v. *State,* 174 Conn. 244, 252, 386 A.2d 223 (1978); *Simons* v. *Simons,* 172 Conn. 341, 348, 374 A.2d 1040 (1977). During the course of the trial which lasted nearly three days, the court had the opportunity to hear the testimony and observe the demeanor of both the parties and seven other wit-

nesses. Testimony was produced on both direct and cross-examination which led the court to the conclusion that the long-range interests of the children would best be served by having them spend more time with their mother and by giving her primary responsibility for them. "We have little or no discretion in determining what is in the best interests of a child once a record is made in the trial court." *Stewart* v. *Stewart,* supra.

An examination of the record in this case reveals that the decision of the referee is based on a solid foundation of credible testimony.[1] It should be particularly noted that there has been no change in the order of joint custody between the parents. The plaintiff father still retains his right of joint custody with ample visitation rights.

There is no error.

In this opinion LOISELLE, PETERS and HEALEY, Js., concurred. BOGDANSKI, J., dissented.

---

[1] There was an extensive attack on the finding, which we have examined. We have found nothing which requires us to disturb the material findings of fact.