DEBORAH HALL *v.* WILLIAM HALL

PETERS, HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued December 3, 1981—decision released January 26, 1982

*Foster M. Young,* for the appellant (plaintiff).

*Prescott W. May,* with whom, on the brief, was *Lawrence J. Legenza,* for the appellee (defendant).

*Christopher B. Carveth,* for the minor child.

ARMENTANO, J.  This is an appeal from an award of child custody incident to a decree dissolving a marriage, which award changed the custody previously ordered by the trial court.

Shortly after the plaintiff filed a complaint seeking a dissolution of her marriage upon the ground of irretrievable breakdown and custody of her minor daughter born May 3, 1976, the trial court awarded custody pendente lite to the plaintiff's father and ordered the parties not to remove the child from the state.  Subsequently, the defendant filed a cross-complaint seeking dissolution and custody.  After hearing two to three weeks of bitterly contested testimony, the trial court awarded custody of the minor child to the plaintiff mother on December 10, 1979.

In its memorandum of decision the trial court found that "[t]he marriage has broken down irretrievably and should be dissolved," but did not render a judgment dissolving the marriage at that time.[1]  The sole orders made in December were custody of the minor child to the plaintiff subject to specified visitation rights to the defendant, as well as other conditions.  Moreover, the court stated

---

[1] The trial court stated:  "Judgment may enter dissolving the marriage when the Court has been advised by counsel for the child that arrangements satisfactory to him have been made for the payment of his bill.  When judgment is so entered, the matter of alimony and support shall be assigned for hearing."

that if the plaintiff's brother returned to the family home as a residence "[a]ppropriate orders will be issued after hearing to correct any situation found."

On February 27, 1980, the defendant filed a motion for change of custody, alleging that the plaintiff's brother had resumed using the family home as a residence, which action was harmful to the well-being of the child. In conjunction with this motion the defendant filed a motion for contempt, alleging that the plaintiff had interfered with his visitation rights by not making the child available for an ordered weekend visit in February. At the contempt hearing counsel for the plaintiff stated that the plaintiff had removed the child to parts unknown outside Connecticut. After the plaintiff failed to appear at that hearing, in March, 1980, the trial court adjudged her to be in contempt and ordered her to produce the child.

The plaintiff again failed to appear at the hearing on the defendant's motion for change of custody on July 1, 1980. In a judgment rendered July 9, 1980, the trial court dissolved the marriage, awarded custody to the defendant with rights of reasonable visitation to the plaintiff, and awarded the plaintiff $1 per year alimony and $150 counsel fees.[2] The plaintiff appeals from this judgment claiming alternatively that the trial court erred in changing the award of custody because either the testimony at the July, 1980 hearing was insufficient to support a finding of material change of circumstances necessary to modify a prior custody award, or the

[2] In the memorandum of decision in support of its July 9, 1980 judgment, the trial court erroneously stated that the court had previously ruled that the marriage "was dissolved." Counsel for the minor child stated at oral argument that he informed the trial court in March, 1980, that one half of his fee for services had been paid. No judgment dissolving the marriage was entered until July 9, 1980.

entire record is insufficient to support a finding that the best interests of the child require an award of custody to the defendant.

Superior Court orders regarding custody of a minor child in an action for dissolution of a marriage are governed by General Statutes § 46b-56, which provides, in pertinent part, that "the court may at any time make or modify any proper order regarding . . . custody and visitation if it has jurisdiction . . . according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable." General Statutes § 46b-56 (a).[3] The paramount concern in ordering custody is the best interests of the child. E.g., General Statutes § 46b-56 (b);[4] *Stewart* v.

---

[3] General Statutes § 46b-56 (a), as amended to the date of judgment, provided: "(a) In any controversy before the superior court as to the custody or care of minor children, and at any time after the return day of any complaint under section 46b-45, the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of chapter 815o. The court may assign the custody of any child to either parent, or to a third party, according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable. The court may also make any order granting the right of visitation of any child to a third party including but not limited to grandparents."

Section 1 of Public Acts 1981, No. 81-402 amended General Statutes § 46b-56 (a) to provide for joint custody.

[4] General Statutes § 46b-56, as amended to the date of judgment, provided: "(b) In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference, provided in making the initial order the court may take into consideration the causes for dissolution of the marriage or legal separation."

Section 1 of Public Acts 1981, No. 81-402 added "if such causes are relevant in a determination of the best interests of the child" to General Statutes § 46b-56 (b).

*Stewart,* 177 Conn. 401, 408, 418 A.2d 62 (1979);
*Murphy* v. *Murphy,* 143 Conn. 600, 603, 124 A.2d 891
(1956); *Sullivan* v. *Sullivan,* 141 Conn. 235, 242, 104
A.2d 898 (1954); 2 Nelson, Divorce and Annulment
(1961 Rev.) § 15.02, p. 211.

In a dissolution action the custody of minor
children is not finally determined until entry of the
decree dissolving the marriage. 2 Nelson, supra,
§ 15.78, p. 282; 27B C.J.S., Divorce § 314, p. 489 and
cases cited therein; cf. *Rodearmel* v. *Rodearmel,*
173 Conn. 273, 276, 377 A.2d 260 (1977). After the
final decree, this court has limited the broad dis-
cretion given the trial court to modify custody
orders under General Statutes § 46b-56 by requiring
that modification of a custody award be based upon
either a material change of circumstances which
alters the court's finding of the best interests of the
child; *Trunik* v. *Trunik,* 179 Conn. 287, 289–90, 426
A.2d 274 (1979); *Cleveland* v. *Cleveland,* 165 Conn.
95, 100, 328 A.2d 691 (1973); *Tippin* v. *Tippin,* 148
Conn. 1, 3, 166 A.2d 448 (1960); *Sullivan* v. *Sullivan,*
supra, 239; or a finding that the custody order
sought to  be modified was not based upon the best
interests of the child. *Stewart* v. *Stewart,* supra,
407; *Simons* v. *Simons,* 172 Conn. 341, 348, 374 A.2d
1040 (1977). Before issuance of the final decree
dissolving the marriage, the discretion statutorily
granted the trial court to award and modify custody
according to the best interests of the child has not
been limited by this court, and we decline to do so.

The parties and the minor child have an interest
in the finality of judgments which arises upon the
entry of a custody order incident to a final dissolu-
tion decree, and from which stems the "material
change of circumstances" rule of postdecree custody

modification. *Simons* v. *Simons,* supra, 346; Clark, Domestic Relations, (1968) p. 599. Although during the pendency of the dissolution action the parties and the child have an interest in undisrupted custody, the trial court typically awards custody pendente lite without having all the relevant circumstances before it. The present case is factually atypical in that the December, 1979 award was based upon a lengthy hearing and was not incident to a final decree of dissolution. Nevertheless, not until entry of the dissolution decree does the court finally decide custody and does the interest in finality of judgments arise. Until the entry of the final decree the court has discretion to modify custody according to the best interests of the child without first finding a material change of circumstances since the previous award. Accordingly, the proper issue in the present case is not whether the trial court erred in modifying its pendente lite custody award by the final decree, but whether the trial court abused its discretion in deciding which parent was the better custodian at the time of the final decree dissolving the marriage. See, e.g., *Yontef* v. *Yontef,* 185 Conn. 275, 283, 440 A.2d 899 (1981); *Sullivan* v. *Sullivan,* supra, 240.

"Because the trial court must take into account both subjective and objective evidence of the causes of the breakdown of a marriage and of the various factors that go into a determination of the best interests of the children upon the dissolution of their parents' marriage . . . [citations omitted] . . . our review of trial court determinations is perforce limited." *Yontef* v. *Yontef,* supra, 278–79; *Seymour* v. *Seymour,* 180 Conn. 705, 709, 433 A.2d 1005 (1980); *Adams* v. *Adams,* 180 Conn. 498, 500, 430 A.2d 19 (1980). We can decide only whether the

court abused its broad discretion to award custody based upon the best interests of the child as reasonably supported by the evidence. See Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Simons* v. *Simons,* supra, 348; *Ogles* v. *Warren,* 148 Conn. 255, 260, 170 A.2d 140 (1961); *Antedomenico* v. *Antedomenico,* 142 Conn. 558, 561, 115 A.2d 659 (1955).

Although the trial court did not state the factual basis of the custody award in its July, 1980 memorandum of decision; Practice Book § 3060B; the record is sufficiently complete for this court to review the trial court's exercise of discretion.[5] This custody contest was both bitter and protracted. The trial court had extensive opportunity to observe the parties, the child and the witnesses, and to determine the best interests of the child based upon evidence introduced at three custody hearings during the pendency of the dissolution action. Undoubtedly significant to this determination was evidence that the plaintiff had secreted the child from the defendant for many months, thereby depriving the defendant and the child of court-ordered visitation. Nor did the plaintiff produce the child as ordered upon the court's adjudging her in contempt. The plaintiff's wilful disobedience of these court orders which continued for several months prior to the July, 1980 custody award evidenced gross disrespect for the law and raised questions about her character, which are relevant to the welfare of the child. See *Simons* v. *Simons,* supra, 345–46; *Raymond* v. *Ray-*

---

[5] Neither party has sought a further articulation of the factual basis of the trial court's decision by filing a motion with the trial court pursuant to Practice Book § 3082. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222 n.5, 435 A.2d 24 (1980).

*mond,* 165 Conn. 735, 739, 345 A.2d 48 (1974); *Sullivan* v. *Sullivan,* supra, 239–40. Accordingly, the trial court did not abuse its broad discretion in awarding custody to the defendant.

There is no error.

In this opinion the other judges concurred.