[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband has brought suit against his wife seeking a dissolution of their marriage on the grounds of irretrievable breakdown and claiming custody of the four minor children and a transfer of all the defendant's real and personal property located at the family residence. The defendant wife's answer admits all the allegations of the complaint and in a Cross Complaint she seeks a dissolution on the ground of irretrievable breakdown, custody of the four minor children, an assignment of a portion of the plaintiff's estate, support for the minor children, alimony, the plaintiff's interest in the family residence, attorney's fees and a garnishment of the plaintiff's earnings. There are four minor children of this marriage ranging in age from one and a half years to fourteen years. By their pleadings the parties agree that their marriage of fifteen years has broken down irretrievably, a conclusion with which the court agrees after a consideration of all the evidence. The court finds that while the marriage had not been a successful one for a number of years, that the defendant's conduct and action were the substantial factors in the breakdown. In the interests of the children and the parties the court will not set forth the facts on which it reached those conclusions.
In determining the custody of the minor children, the guiding principle is what is best for the benefit and welfare of the children. "The only relevant consideration. . . is the welfare of the child." Fagan v. Fagan, 131 Conn. 688, 690, Sullivan v. Sullivan, 141 Conn. 235, 242; Murphy v. Murphy,143 Conn. 600, 603; See Kelsey v. Green, 69 Conn. 291, 299, "In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference, provided in the making the initial order, the court may take into consideration, the causes for dissolution of the marriage or legal separation, if such causes are relevant in a determination of the best interests of the child." Section46b-56 (b) C.G.S. The court finds that it is in the best interests of the minor children that their custody be awarded CT Page 1604 to the defendant mother with whom they have resided for approximately fifteen months since the plaintiff left. The plaintiff has made an urgent plea for joint custody, which this court is compelled to deny since the wife and the father are unable to agree at this time, on most things particularly the rearing of the children. Custody of one parent, the mother, is in their best interests and welfare. However the father is to be consulted with respect to the matters of their education, religious upbringing and health. Decisions on the enumerated matter are to be joint with the parents keeping in mind the welfare and interests of the children. In the event they are unable to agree the contested matter shall be submitted to this court. The plaintiff father shall have liberal and flexible right of visitation including but not limited to the following. The plaintiff shall have the children on alternate weekends from 6:00 P.M. Friday to 6:00 P.M. Sunday. He is to give at least twenty-four hours notice to the defendant of his inability to take the children on any weekend. The defendant shall have the children every Wednesday from their school dismissal to 7:30 P.M. The plaintiff shall have Samantha each Monday following a weekend that he has no visitation with the children however, Samantha's agreement shall be a requisite of such visits. The plaintiff shall have the four children on alternate holidays beginning with the first holiday following this decision. Those holidays are defined as New Years Day, Easter, Memorial Day, Fourth of July, Labor Day, Thanksgiving and Martin Luther King Day. The plaintiff shall have the children on Christmas Day from 1 P.M. to 8 P.M. He shall also have the children on the birthday of each child from 5:30 P.M. to 8:30 P.M. The plaintiff shall have the children on Father's Day and the defendant on Mother's Day and this visitation shall prevail over any conflict in visitation ordered hereinbefore or hereafter. The plaintiff's visitation on Father's Day shall be from 9:00 A.M. to 6:00 P.M. The plaintiff shall have the children for one week in July and one week in August. He shall notify the defendant by Memorial Day of each year of the weeks selected. The plaintiff and defendant shall alternate the childrens midterm school vacations occurring during the winter, spring and at Christmas. In the event the plaintiff has them during Christmas vacation, then the defendant shall have them Christmas Day from 1:00 P.M. to 8:00 P.M. The plaintiff shall not be permitted to have Jane Tavella present during visitation for a period of two months only, following the date of the decision. Thereafter the plaintiff is permitted to have her present during visitations. The two months period is provided so that the parties and the children shall be prepared for her visitation, however, the plaintiff is not to force the children to visit with her, and the visit shall be with the agreement of the children CT Page 1605
With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony. General Statutes 46b-82. Thomas v. Thomas, 159 Conn. 477, 486, 171 A.2d 42 (1970). `This court has reiterated time and again that awards of financial settlements ancillary to a marital dissolution rest in the sound discretion of the trial court.' Posada v. Posada, 179 Conn. 568, 576. Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisition of assets, of each of the parties, Fucci v. Fucci, 179 Conn. 174, no single criterion is preferred over all the others. In weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determination the financial circumstances, both actual and potential, are entitled to great weight.
Valente v. Valente, 180 Conn. 528, 530.
Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366,368, this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria. (46b-82 and 46b-81 (c))" Weiman v. Weiman, 188 Conn. 232, 234. In considering all the elements and requirements of the statutes involved, the cases dealing with the subject, and all the evidence, the court enters the following orders. The plaintiff shall transfer to the defendant all of his right title and interest in the family home located at 542 Mountain Laurel Road, Fairfield, Connecticut including all of the furniture, fixture and other personal property located therein. The defendant shall save the plaintiff harmless from any encumbrances placed on the premises subsequent to the date hereof. If the defendant decides to refinance the encumbrances presently existing on the premises, the plaintiff shall cooperate and execute all necessary papers including those which continue his present liabilities on those encumbrances, however in no event shall CT Page 1606 his liabilities be increased. She is also awarded the 1984 Subaru Station Wagon; the bank account at People's Bank. She is further awarded the plaintiff's right, title and interest, if any, in the Swiss Bank account established by the defendant's father in the amount of $96,500 during the association in the practice of law by the plaintiff and his father-in-law. The plaintiff is awarded the 1980 Volvo automobile and the security deposit on his rental house.
Since the plaintiff's income is greater than the $750.00 weekly income the upper limit provided for in the child support guidelines the court will be guided by the pertinent statutes children. The plaintiff's net disposal income is $61,400 after deducting FICA, Federal Income Tax, business parking and medical insurance. He is ordered to pay to the defendant as support for the minor children the sum of $6,000 per year, per child, until each child reaches the age of eighteen years when that child's support shall cease. He is ordered to pay periodic alimony in the amount of $15,000 per year. All of the aforementioned payments shall be paid in twenty-four equal installments on the first and fifteenth of each month. It is contemplated that the plaintiff will receive additional salary increases from his employment as an attorney, and he shall be entitled to retain the next $5,000 of increases over his present gross salary of $79,976.00. All further salary increases above $84,976.00 shall be allocated as follows: 20% to defendant as periodic alimony; 40% to the children, one fourth for each, as support and 40% to the plaintiff. It is further contemplated that the defendant will be employed in the future possibly as a realtor a profession in which she has experience. In the event of her employment, the first $10,000 of her gross earnings shall belong to her. Thereafter all amounts earned above $10,000, shall entitle the plaintiff to a reduction in the periodic alimony of 20% of the amount earned above $10,000 dollars. Each party shall furnish the other with a copy of their income tax returns by May 1st of each year and the contemplated adjustments shall commence on May first of each year. The plaintiff shall have the right to claim tax deductions for the two youngest minor children during their minority, and the defendant shall have the right to claim tax deductions for the two oldest children during their minority. The parties are ordered to execute all papers and documents necessary to effectuate said deductions. The plaintiff is ordered to provide medical and dental insurance coverage for the minor children for the period of their minority. He is ordered to continue the defendant on his present medical coverage for a period of three years with her paying the portion of the premium attributable to her coverage. The uninsured portion of any medical or dental bill shall be shared evenly by the parties. Plaintiff shall carry a life CT Page 1607 insurance policy in the face amount of $100,000 with the minor children and the defendant as irrevocable beneficiaries until the youngest child reaches the age of eighteen. The plaintiff is ordered to contribute to the reasonable educational expenses of each child during their minorities, however his contributions shall be to the extent to which he is reasonably capable, that determination to be made by him. In the event the parties are unable to agree on what schools or academies the child shall attend, the final decision is to be made by the child. In accordance with section 52-362 C.G.S. a contingent wage garnishment may issue subject to the conditions contained in sub paragraph (b) of that statute.
Each party shall be liable for the liabilities shown of their respective financial affidavits, filed August 7, 1990 with the court.
Each party shall be liable for their own attorney's fees. The fees of the Attorney for the children well earned in this case are ordered paid by the parties as follows: 60% by the plaintiff and 40% by the defendant. The total amount shall be paid within one year.
A judgment for dissolution of the marriage on the ground of irretrievable breakdown may enter and all awards and orders hereinbefore made shall become a part thereof.
LEVINE, STATE TRIAL REFEREE.