[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue to be determined in this matter relates to custody, support and visitation of the minor child, Michael Banning, who was born on May 16, 1986. The parties were married on May 25, 1985 and moved to the State of Pennsylvania. They separated for the final time in March, 1989, when the plaintiff, father, removed himself and the child from Pennsylvania and returned to Connecticut, where he and Michael have continued to live with the plaintiff's mother in her house. The defendant, Elaine Banning, mother of Michael, commenced an action for dissolution of the marriage in Pennsylvania and the judgment of Divorce became final on May 25, 1990 (Court of Common Pleas, Susquehanna County, Pennsylvania, Docket No. 1989-262 C.P.). The CT Page 4836 Pennsylvania court refused to entertain jurisdiction of the issues of custody and visitation.
After commencement of the instant action, the parties reached an agreement that, pending a final judgment of the court, there would be joint custody. The visitation schedule provided for nine consecutive days visitation in Pennsylvania for the mother at the end of which Michael would return to Connecticut and remain with the father for twelve consecutive days. The agreement also provided for liberal telephone contact by the mother; it also provided that the parties meet mid-way to exchange custody of Michael inasmuch as the trip each way, door-to-door, is over four hours.
Michael is 4 1/2 years of age. It is apparent that both parents love him very much. It is also evident that each parent has attempted to provide for Michael's physical and emotional needs as best he/she can.
Mother owns a trailer in Pennsylvania. It has two bedrooms, a living room and a kitchen. Photographs indicate it is more than an adequate shelter. Father resides with Michael's paternal grandmother and a brother. He shares a converted lower-level recreation room with Michael. The house, in Coventry, has a total of five rooms, including the room equipped for Michael and the plaintiff.
Pursuant to the agreement of the parties and the judgment of this Court, the parties submitted to a psychological examination by Dr. David Mantell as well as a clinical interview with Dr. John Felber, a forensic psychiatrist. Both experts testified at trial. Each concluded that custody of Michael should be awarded the defendant, mother.
In addition to the opinions of the psychologist and the psychiatrist, the court was struck by what it perceives to be a reluctance on father's part to have any tender physical contact with Michael. The Court feels that events in father's past, beyond his control, have caused him to react in this manner.
Both parents have the ability to provide adequate day care for Michael while they are engaged in their respective employments. Each is able to provide suitably for Michael's physical needs. The evidence revealed, however, that in Pennsylvania, Michael has playmates outside of a school room setting. There was no evidence of Michael interacting with any neighborhood children in Coventry. Because the Family Relations Officer relied on Dr. Mantell's opinion as the CT Page 4837 basis of her own, the Court will not consider it.
The basic question is, how would the best interests of Michael be served? C.G.S., Sec. 46b-56 (b). Hall v. Hall,186 Conn. 118, 121 (1982). The plaintiff father is pressing for sole custody of Michael. He is not opposed to a liberal visitation schedule for the mother. The defendant, mother, has cross-complained and seeks sole custody too.
The Court concludes that it is in Michael's best interests that there be a substantial change in the present situation. Accordingly, the Court awards custody of the minor child, Michael, to the defendant, Elaine Banning. The father shall have reasonable rights of visitation, as follows: commencing in the month of January, 1991, father shall have visitation with Michael in Connecticut one weekend a month, from 7:00 p.m. on Friday until 7:00 p.m. on Monday until the time that Michael commences attending a public school kindergarten program. Once Michael is enrolled in public school, visitation with father shall terminate at 7:00 p.m. on Sunday evening. The parties are ordered to continue meeting half way to exchange physical custody of Michael.
With regard to Christmas, 1990, father will be allowed visitation with Michael in Connecticut from 7:00 p.m., December 27 until 7:00 p.m. January 1, 1991. Commencing with Christmas, 1991 father shall be allowed visitation in Connecticut from 7:00 p.m. Christmas eve until 7:00 p.m. December 27th. The parties will thereafter alternate the Christmas schedule. The parties will alternate all other religious holidays. Father shall have visitation with Michael in Connecticut for two consecutive weeks during the summer. The parties are ordered to work out a mutually convenient schedule that will not conflict with planned vacations and the like.
Father shall be allowed telephone contact with Michael twice weekly, one call to be initiated by mother and one call by father. In addition, father shall be allowed visitation with Michael in Pennsylvania one weekend (Saturday and/or Sunday) per month. He shall, however, give the defendant at least seventy-two hours prior notice of any such visit. HE shall be allowed to visit with Michael outside Mother's home from 10:00 a.m. until 7:00 p.m. each day.
The defendant shall obtain medical/dental coverage for Michael as available through her employment. The cost, if any, of same shall be borne equally by mother and father. The parties shall also share equally, the cost of any unreimbursed medical/dental/psychological and like expenses CT Page 4838 incurred on Michael's behalf. Plaintiff, father, is ordered to pay, as support for Michael, the sum of sixty-five ($65.00) dollars per week. However, any sums contributed by father in payment of medical/dental insurance premiums shall be allowed as a credit toward his support obligation.
The Court finds that plaintiff has an outstanding balance of $2,800 due medical providers who provided services for the benefit of Michael. The defendant claims she has outstanding medical bills of $4,000.00 due physicians and hospitals who provided for Michael's care. The Court adjudges that each parent be responsible for the bills in his/her possession without contribution by the other parent.
The defendant is ordered to pay Dr. Felber's bill. Each party is ordered to pay one half of Dr. Mantell's bill. Neither party is ordered to pay counsel fees to the other. Costs are not taxed as to either party.
SCHEINBLUM, J.