[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties was dissolved by this court (Budney, J.) on December 1, 1988. There are two minor children issue of the marriage to wit: Erick Northam born May 9, 1983 and Amie Northam born August 20, 1985.
The decree dissolving the marriage provided, inter alia, that "the care, custody and education of the minor children is hereby committed to the parties jointly subject to the right of reasonable visitation in the defendant." There were subsequent modifications of this judgment that made the terms of visitation more specific.
There is now before this court the defendant husband's motion for modification of the order of custody and visitation. During the course of the hearing of this matter the parties agreed that the order of joint custody should not be disturbed but that if the motion for modification was granted the court should decide the principal residence of the children and the visitation schedule.
The plaintiff wife was remarried in July of 1989 to one Douglas Smith and has resided in Cromwell, Connecticut since March of 1990. She is now 13 weeks pregnant. She is employed by Aetna Insurance Company and Abdow's Restaurant. She currently works some 70 hours per week. She is terminating her employment at Abdows as of Sunday, February 17, 1991 and thereafter she will continue in the full time employ of Aetna for approximately 37 hours per week.
The defendant husband was remarried in February of 1990 to the now Susan Northam. Susan Northam has two children of her former marriage, a boy age 7 and a girl age 11, both of whom live with the Northams in East Hampton, Connecticut. Since 1979 the defendant husband has been employed by Jarvis Airfoil where he works Monday through Friday from 6:00 a.m. to 4:30 p. m. If CT Page 1181 the Northam children have their principal place of residence with the defendant husband, Susan Northam intends to cease her employment and remain home to care for her children and the Northam children.
On December 4, 1989 Douglas Smith was caring for the Northam children in the Smith home. That evening Amie, after being put to bed, started screaming that she wanted to sleep on the floor. She screamed for several hours at which time Douglas Smith spanked her with his hand. Previously the plaintiff wife had advised Douglas Smith that he had her permission to spank Amie if she had a temper tantrum.
On December 7, 1989 while Amie was at the Northam house, Susan Northam noticed that Amie had black and blue marks from her waist to her knees. The police were notified, the child was taken to the hospital and thereafter DCYS conducted an investigation. As a result of this incident Douglas Smith was charged with risk of injury to a minor, reckless endangerment 2nd and assault 3rd. He was subsequently placed by the court in the Family Violence Education Program and successfully completed the program.
The minor child Erick suffers from what appears to be an attention deficit disorder. As a result of this disorder he has had disciplinary problems, is hyperactive and requires special attention.
The minor child Amie has suffered from a bowel problem which ultimately resulted in her having to go to the hospital in December of 1990 in order to a digitally disimpacted, a very uncomfortable procedure for a young child. According to the medical testimony this condition could arise from, or at the least, be exacerbated by a stressful environment.
Since the dissolution of this marriage the plaintiff wife has failed to properly inform the defendant husband of matters concerning the health, education and general welfare of the minor children. The defendant husband, on the other hand, has adequately informed the plaintiff wife of any matter of this nature. In addition, there have been numerous problems and disputes between the parties regarding visitation with the minor children.
There is general agreement that these children need consistency of care, the setting of limits and a relatively structured environment.
A study conducted by the Family Services Unit of this court recommended that the parties maintain joint custody and that the CT Page 1182 children have primary residence with the defendant husband. The attorney representing the minor children at first recommended that the defendant husband have sole custody of the minor children but at the conclusion of the hearing concurred with the recommendation of the Family Relations Counselor.
The clinical social worker who is currently seeing the Smiths and the minor children recommended that the current residential arrangement not be disturbed.
The children appear at present to have a very good relationship with both parents and both stepparents.
The court is of the opinion that since the date of the decree dissolving the marriage of the parties there has been a material change in circumstances affecting the best interests of these minor children. (See Hall v. Hall, 186 Conn. 118 (1982)).
Therefore, after a careful review of all of the evidence presented to the court including but not necessarily limited to, the children's schooling, medical treatment, living arrangements, care and supervision it is the opinion of this court that the decree be modified as follows:
The plaintiff wife and the defendant husband shall have joint legal custody of the minor children, Erick Northam and Amie Northam. The principal place of residence of these children shall be with the defendant husband and the plaintiff wife shall have the following rights of visitation:
(a) Alternating weekends commencing on Friday at 5:00 p. m. and ending on Sunday at 5:00 p. m.
(b) Every Wednesday evening between the hours of 5:00 p. m. and 8:00 p. m.
(c) Alternating Easter Sunday commencing with 1991 being with the defendant husband.
(d) Alternating Memorial Day commencing with 1991 being with the plaintiff wife.
(e) Alternating Fourth of July commencing with 1991 being with the defendant husband.
(f) Alternating Labor Day commencing with 1991 being with the plaintiff wife.
(g) Alternating Thanksgiving Day commencing with 1991 being with the defendant husband. CT Page 1183
(h) Alternating Christmas Eve from 10:00 p. m. until 10:00 a.m. Christmas Day commencing with 1991 being with the plaintiff wife.
(i) Alternating Christmas Day from 10:00 a.m. until 8:00 p. m. commencing with 1991 being with the defendant husband.
(j) Every Mother's Day.
(k) Alternating birthdays of the children commencing with Erick's birthday in 1991 being with the plaintiff wife and Amie's birthday in 1991 being with the defendant husband. The parent who does not have a child on his or her birthday shall have a reasonable time to visit with such child in order to personally deliver gifts and birthday wishes.
(l) Alternating Spring and Winter school recesses commencing with Spring 1991 being with the defendant husband.
(m) Two non-consecutive one week periods during the summer school recess, provided she gives the defendant husband 30 days prior notice of the dates she has selected.
(n) Such other and further times as the parties mutually agree.
If Father's Day should fall on a weekend when the plaintiff wife has visitation then such visitation shall end on Sunday at 10:00 a.m. rather than 5:00 p. m.
If an alternated holiday shall fall on a Monday after a weekend on which the plaintiff wife has visitation then such visitation shall extend to 5:00 p. m. on Monday.
Each party shall have reasonable telephone contact with the children when they are with the other party.
The defendant husband shall not change the principal residence of the minor children outside the State of Connecticut without giving the plaintiff wife 90 days prior written notice.
The defendant husband shall decide the town in which the minor children shall attend school.
Unless the parties otherwise mutually agree, the principal place of residence of the children shall commence to be with the defendant husband on Friday, March 1, 1991 and the plaintiff wife's alternating weekend visitation shall commence on the next Friday thereafter. CT Page 1184
In addition, after considering all of the statutory criteria the following additional orders shall enter:
(a) The plaintiff wife shall pay to the defendant husband the sum of $65.00 per week for the support of each of the minor children, until such child reaches the age of majority or is sooner emancipated. Said sum shall be payable by an immediate wage withholding.
(b) The obligation of the defendant husband to pay child support to the plaintiff wife shall cease on the day the children commence residence with the defendant husband and the obligation of the plaintiff wife to pay child support to the defendant husband shall commence.
(c) Any arrearage of previous child support payments due to the plaintiff wife from the defendant husband shall be paid by the plaintiff wife deducting the sum of $30.00 per week from the total child support payments due to the defendant husband under the terms hereof until such arrearage shall have been paid in full.
(d) Attorney's fees in the total amount of $4500.00 are to be paid to Attorney Martha Rafferty Marti, the attorney for the minor children, one-half each by the plaintiff wife and the defendant husband. Each party shall pay the sum of $500.00 within 30 days of the date hereof and the balance at the rate of $100.00 per month each until said sum shall be paid in full.
Except as expressly modified herein, the decree of dissolution entered on December 1, 1988 shall remain unchanged and in full force and effect.
FREDERICK A. FREEDMAN, JUDGE