[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties was dissolved by this court (Tierney, S.T.R.) on October 16, 1980. There was one minor child issue of the marriage, to wit: Michael O'Reilly, born July 23, 1976. CT Page 2531
The decree of dissolution provided, inter alia, that the parties have joint custody of the minor child; that the child's principal place of residence be with the plaintiff wife and that the defendant husband have certain rights of visitation.
On June 23, 1989, a stipulation of the parties dated March 6, 1985 was filed with this court. The stipulation provided in part that "No medical, psychological, psychiatric or educational intervention can be implemented for Michael without prior agreement and consent of Michael's mother." It does not appear that this stipulation was ever made an order of the court.
What is now before the court is the defendant husband's motion to reopen the judgment and modify custody.
Michael is currently attending the Area Cooperative Educational Services program in Hamden, Connecticut (hereinafter referred to as "ACES"), which school is provided for him by the City of Milford, Connecticut, his place of residence.
In essence, it is the position of the defendant husband that ACES is not the proper educational setting for Michael, that a home tutorial program would be more appropriate, that the plaintiff wife has not properly abided by the order of joint custody and that his home would be the best residential setting for Michael. Thus, the defendant husband claims that there has been a material change in circumstances affecting the best interests of the child. See Hall v. Hall, 186 Conn. 118 (1982). He urges the court to grant him sole custody or in the alternative, to continue joint custody but provide that the principal place of residency of the boy be with him, and that he have final decision-making authority in "all areas of Michael's health, education and welfare."
Dr. Fred R. Volkmar, of the Yale Child Study Center, conducted a psychiatric assessment of Michael. Dr. Volkmar is of the opinion that Michael "is functioning in the moderately retarded range" and, additionally, "presents a long history of developmental and behavioral difficulties consistent with a diagnosis of autistic disorder."
A study of this matter was conducted by the Family Services Unit of this court. The Family Relations Counselor who conducted the study recommends that the parties continue to share joint custody, that primary residence of the child be with the defendant husband and that the defendant husband have final decision-making authority but that the plaintiff wife be consulted on all decisions regarding the child's health, education and welfare. This recommendation is based to a great degree on the counselor's CT Page 2532 finding that the defendant husband's "proposal for an intensive home tutorial program appears to be well thought out and the approach has support within the medical community." The collective testimony of all of the experts appearing before this court does not, however, support this finding.
Dr. Volkmar is of the opinion that Michael will have great difficulty tolerating any major changes in his life. He is of the further opinion that the plaintiff wife has a somewhat more realistic view as to the appropriate education for Michael and that he saw nothing that indicated there should be a change in Michael's home living schedule. He is quick to point out, however, that he conducted a psychiatric assessment of Michael and did not do a custody evaluation.
Dr. Laurie Cardona, who conducted a psychological evaluation of Michael, testified that many of the components of the program at ACES are appropriate for Michael but some areas can be improved. In fact, the main purpose of this evaluation was to identify the areas that needed improvement and it appears that her recommendations are well on their way to implementation. Dr. Cardona is of the opinion that the defendant husband's educational plan was contra-indicated.
In addition, the court had the benefit of testimony from Michael's teacher at ACES and the Supervisor of Special Education for the City of Milford.
After a careful review of all of the evidence presented, this court is of the opinion that Michael is currently receiving an appropriate education.
There is no question that the defendant husband intensely desires to do everything humanly possible to help Michael develop to his fullest potential. As he stated in his testimony, "I have to do this for my son or I can't live with myself." He does not, however, present to the court any detailed, concrete educational program for Michael; has not explored the ramifications of all of the federal and state laws designed for special children: and offers no expert evidence that Michael's educational or health needs are not being properly met in his present environment.
There is no question that there were times when the spirit and intent of a joint custody order were violated. However, there were violations by both parties, many of which were a result of the misunderstanding, mistrust and faulty communication that each party fostered from time to time.
The court does not find that there has been a material change in circumstances affecting the best interests of the child and, CT Page 2533 accordingly, the motion to modify is denied.
It is the profound hope of this court that the denial of this motion will in no way diminish the intense love and dedication that both parents show to Michael. Indeed, the end result of this proceeding could and should be that both parents will realize that they must improve on their ability to communicate and cooperate with each other on issues concerning Michael, and that they must pool their resources in order to provide Michael with the best that each has to offer.
The final issue before the court is that of the fee for the attorney for the minor child and the request by the plaintiff wife's attorney for the payment of her fees by the defendant husband.
The defendant husband has filed a financial affidavit with this court that shows his weekly net income as $4660.00 and his weekly expenses as $3391.28. In addition, he claims an equitable interest in real property with an equity of $500,000.00, has $38,000.00 in cash and shows no liabilities. The plaintiff wife, on the other hand, has weekly net income, exclusive of child support, of $140.15, and weekly expenses of $246.82. Her assets total $595.14.
Therefore, pursuant to 46b-62 of the Connecticut General Statutes, the following orders shall enter:
1. The defendant husband shall pay to Mark Soboslai, the attorney for the minor child, the sum of $6672.00 for his services rendered to the minor child. Said sum shall be paid in full within 30 days of the date hereof.
2. The defendant husband shall pay to Patty Jenkins Pittman, the attorney for the defendant wife, the sum of $7500.00 as a contribution towards her fee for services rendered to the plaintiff wife. Said sum shall be paid in full within 30 days of the date hereof.
Frederick A. Freedman, Judge.