[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION, POST-JUDGMENT DATED MAY 26, 1998
The court dissolved the marriage of the parties on January 5, 1998. As part of the judgment, the defendant was ordered to resign as co-trustee of a trust she had established for the benefit of Kelsey McManus, minor child of the parties. This left the plaintiff as the sole trustee.
The defendant has now filed the present motion to modify requesting the court to compel the plaintiff to appoint the defendant as a successor trustee.
The plaintiff has objected to this motion claiming:
 (1) The court has no jurisdiction to modify its order because it would be altering a property division;
 (2) There is no basis to modify because the defendant has failed to establish a substantial change of circumstances since the original judgment;
 (3) The court lacks jurisdiction under trust law to grant the motion because the trust is irrevocable.
The court has considered the arguments of the plaintiff and rejects them all. The court has jurisdiction to entertain the defendant's motion.
The court had personal jurisdiction over the parties during the trial of this case. The court never considered the Kelsey McManus Trust an asset of the parties, and, therefore, made no assignment of the Trust to either party.
The court considered the plaintiff's claim for ordering the defendant to resign as co-trustee as part of the custody issue that was seriously litigated. It reached its decision based on the best interest of the child standard. The question of the appointment of a successor trustee, however, was never raised by either party or considered by the court.
The current motion by the defendant is not really a motion to modify since no original order was entered on the issue. The court treats this motion as a new matter concerning the best interests of the child that was not litigated at trial.
Even if considered as a request to modify, the court may do so if it finds the prior order was not based on the best CT Page 6965 interests of the child. See Hall v. Hall, 186 Conn. 118, 122
(1982).
The court perceives no impediment under trust law against its ruling on the defendant's motion. The trust instrument itself provides for resignation of trustees and appointments of successors.
Having determined its jurisdiction to rule on the motion, the court has considered of the claim using the standard of the best interest of the child.
The court has reviewed the extensive evidence presented on the issue of care, control of Kelsey's life. For the reasons previously stated, the decision was reached that the plaintiff should be the parent to make final decisions on issues affecting the child. However, the court also found that the defendant was a fit parent who enjoyed a loving relationship with her daughter and has the child's interests at heart.
The defendant's motion does not seek to change the plaintiff's ability to manage Kelsey's trust, free from interference by the defendant, for as long as the plaintiff is willing and able to do so. She wants the opportunity to replace him, if necessary.
The court concludes that it would be in Kelsey's best interest for the plaintiff to designate the defendant his successor trustee, under Article X of the Trust Instrument, in the event the plaintiff resigns or is unable to serve. It is so ordered.
Defendant's motion is granted. The plaintiff shall comply by executing all necessary documents by August 1, 1998.
NOVACK, J.