[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CUSTODY
CT Page 13199
PENDENTE LITE
Defendant seeks custody, pendente lite, of his daughter Briana, soon to be 5 years of age. A decision on the issue of custody must be guided by the best interests of the child and, subject to modification as permitted by law, it will remain in effect until a final determination at the time of trial. Conn. Gen. Stat. § 46b-56(b). In determining the best interest of the child, the focus must be what "will better foster the children's growth, development and well-being". Yontef v. Yontef,185 Conn. 275, 283 (1981). The burden of proof is on the moving party by a preponderance of the evidence. Cookson v. Cookson,201 Conn. 229, 239-40 (1986).
Plaintiff contends, and the Court agrees, that it is important to maintain stability of the environment and that it is undesirable to make change subjecting a child to new routines and different standards to the extent they can be avoided. Cookson v.Cookson, 201 Conn. 229, 239 (1986). In this case, a significant issue presented is whether the custody order requested by the Defendant would be a "change" or would be a restoration of the living arrangement as it existed prior to August 26, 1999.
Testimony was received from the Plaintiff, Defendant, Defendant's sister, Wendy Gerbier, and Adele Falco, head teacher at Briana's preschool. Briana attended preschool from the fall of 1998 to June, 1999. Considerable weight is given to the testimony of Ms. Falco as she had extensive interaction with Briana and her parents and she presented an impartial and unbiased perspective.
Defendant is an assistant librarian at the Ferguson Library, Stamford. He has a Masters degree in Conflict Resolution and Mediation from Columbia University and is presently in a United Nations training program. His present position provides a flexible work schedule which has, and will, permit him to spend a great deal of time with his daughter. His sister, who lives with the Defendant, is a teacher with a Bachelors degree in Speech Pathology/Audiology. She presently is a Speech Therapist/Special Education Itinerary Teacher. This position allows her, whenever necessary, to rearrange her schedule and assist with Briana.
Plaintiff is a registered nurse. Plaintiff has a history of some form of psychological disorder, some period of in-patient CT Page 13200 treatment, and of requiring medication.
Briana was born on November 28, 1994. Plaintiff, Defendant, his sister and Briana lived together in New Rochelle, New York, until January, 1998, when they moved to 15 Richlee Road, Norwalk. In March, 1998, Plaintiff, after a dispute, requested Defendant and his sister to vacate the Norwalk house. They and Briana immediately moved to their present address at 1425 Bedford Street, Stamford. In addition to other issues causing this disruption, Plaintiff had told Defendant that she had a male friend, she wanted to see other men, and did not want to be married.
Before September 1998, Defendant enrolled Briana in Ms. Falco's preschool. This preschool is located near Defendant's apartment in Stamford. Defendant brought Briana to the school every morning, and regularly participated in school affairs and activities with his daughter. He took advantage of the school's open door policy and often stopped in to observe and speak with her teacher about her progress. He demonstrated, very clearly, his love of and devotion for his daughter. Briana's feelings were also easy to see. At the end of each day, she would run to him and hug him when he came to pick her up. On the rare occasion that he was unable to pick Briana, his sister would do so.
In addition to the day preschool program, both Defendant and his sister spent many hours on Briana's education. Defendant would read to and with her every night, and his sister dedicated 45 minutes every day to work with her on her speech, fine motor skills, language skills, mathematics and reading. During the summer, Defendant enrolled Briana in a reading program at the Stamford Library. As part of the program, Briana read the required number of books to entitle her to attend a Saturday children's show at the Rich Forum. As Saturday was a visitation day, Defendant suggested that Plaintiff take her to the show, but Plaintiff refused and Briana missed the show.
Ms. Falco reported that Briana is a bright child, was well mannered and a pleasure to have in her class. It is clear that Briana was a happy well-adjusted child through out her year at Ms. Falco's preschool. According to Ms. Falco, preschool children, after graduation, usually attend a local elementary school with friends from preschool. She believes, and the Court agrees, that this connection with classmates is advantageous for the child. CT Page 13201
From March 1998 through June 1999, Briana regularly resided with her father from Sunday afternoon until Friday afternoon. She stayed with Plaintiff from Friday, after school, until Sunday morning. Plaintiff requested, and Defendant agreed to and permitted, that during the summer Briana's visit would begin on Thursday, instead of Friday.
After Briana graduated from preschool in June, Defendant placed Briana in, and paid for, the YMCA day camp for the summer of 1999. Field trips by the camp took place on Fridays. Because Plaintiff kept Briana home on Thursdays and Fridays, Briana missed the field trips.
The instant proceedings are the result of events which began on Thursday, August 26. On that day, Plaintiff came to Defendant's apartment to pick up Briana for the weekend. Defendant reminded Plaintiff that school began on August 31st, and, in Plaintiff's presence, called the school to confirm the date. Plaintiff took Briana to her home in Norwalk but instead of returning her on Sunday morning, Plaintiff called Defendant and told him not to "bother to pick up Briana any more." She indicated that her attorney did not want her to speak with him about the subject and that if he her house she would have him arrested.
Without notifying Defendant, Plaintiff had registered Briana in a Norwalk elementary school near her home. On August 31, when Briana failed to appear at her Stamford school, Defendant went to the Norwalk school to speak with both Plaintiff and the principal. Briana was excited to see him and was upset that she was not going home with her father. Words were exchanged and the police were called. After discussion and at Plaintiff's request, Defendant and Plaintiff went to Plaintiff's home where Defendant calmed Briana and then he returned to his home. Thereafter, he filed this Motion for Custody.
Since the parties' separation in March, 1998, Plaintiff has filed three Applications for Relief from Abuse: March 31, 1998, April 27, 1999, and August 31, 1999. She testified to the reasons and need for these applications, but this testimony was not credible, e.g. though she claimed physical abuse and fear for her safety in all three affidavits, on each occasion she left her young child with the Defendant. Though she claimed three separate occurrences of abuse, on dates some 15 months apart, the language in each affidavit describing these incidents is virtually the CT Page 13202 same. Clearly, the second and third application merely parrot the allegations in the first. Furthermore, Plaintiff never requested that the orders in March, 1998 or April, 1999 be extended. These applications were attempts by Plaintiff to use the courts to intimidate and manipulate the Defendant's behavior in accordance with her wishes.
The Court finds that the Defendant has shown, beyond a fair preponderance of the evidence, that, prior to the visit of August 26, 1999, the parties had an arrangement that the primary residence of Briana was to be with her father, Defendant. In accordance with this understanding, she attended school near her residence in Stamford. In violation of this agreement, the Plaintiff picked up Briana, on August 26, for a regularly scheduled visit, gave no indication that she would no longer abide by the agreement, and violated the agreement by refusing to bring Briana back to the Defendant.
Plaintiffs refusal to return Briana drastically upset the stable environment in which Briana had lived. It disrupted the regular living and visitation arrangements, altering her primary place of residence as it existed for almost a year and one-half. It also moved Briana out of and away from her circle of school friends at a critical point.
Stability of the environment is an extremely important factor in determining what is in the child's best interests. Plaintiffs unilateral action has upset and disrupted the child's routine. Prior to August 26, 1999, Briana was thriving in the environment in which she lived. Plaintiff cannot now be permitted to take advantage of her breach. She cannot now argue that Briana should remain in Norwalk because Briana has started school in Norwalk. The change to Norwalk was not authorized, agreed upon, and was not in the best interests of Briana.
It should be noted that custody is not finally determined until entry of the decree dissolving the marriage. Hall v. Hall186 Conn. 118, 122 (1982). Before issuance of the final decree dissolving the marriage, the court retains the discretion, statutorily granted, to award and modify custody according to the best interests of the child. Id. at 122. At the beginning of this hearing, the Court appointed counsel for the child. Because of the urgency related to Briana's starting the school year in a new school, the Court advised counsel that a decision as to temporary custody would be promptly made, but that, if deemed appropriate CT Page 13203 by counsel for Briana, an application related to custody could be submitted.
It is therefore ordered, that:
1. Temporary Custody pendente lite is awarded to the Defendant;
2. Plaintiff is awarded visitation from Friday afternoon, after school dismissal, until Sunday afternoon at 6:30 p. m. Should the parties agree, parties may submit a proposed order for any additional and/or alternate visitation arrangements. In the event there is any dispute or disagreement as to visitation, the same shall be brought back to Court.
HILLER, J.