[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The parties were married in a civil ceremony on July 25, 1982. There are three minor children which are issue of this marriage. Plaintiff is Jewish and upon marriage the defendant converted to Judaism from Roman Catholicism. After converting to Judaism the parties were married in a religious ceremony on June 24, 1983. The defendant then signed an agreement to raise the children in the Jewish faith.
In 1985, after the birth of the second child, the family began to celebrate Christian holidays in addition to their practice of CT Page 9753 the Jewish faith.[1] After the divorce proceedings began the defendant moved to New Jersey with the children. The children are currently enrolled in Catholic Catechism classes. Plaintiff has filed a motion for a restraining order. Plaintiff asks that defendant be restrained from any further religious training for the children that is contradictory to the Jewish faith, or moving the residence of the children without further order of the court or by agreement of the parties.
THE LAW
According to Conn. Gen. Stat. 46-56(b), "[i]n making or modifying any order with respect to custody or visitation, the court shall be glided by the best interests of the child . . . ." "In any case involving the question of custody of a minor child, the determinative consideration is what is best for the welfare of the child." Murphy v. Murphy, 143 Conn. 600, 603
(1956).
RELIGIOUS TRAINING
The court recognizes that the question of religious upbringing is a serious matter of concern to both parties. Most parents wish to instill strong moral values in their children which are fostered by religion. Therefore choice of religion is an important decision. Most parents want to share the traditions with which they were raised, and the parties in this case are no exception.
The children are receiving religious training from their father in the Jewish faith as well as the training supplied by the mother in the Catholic faith. The children are not being denied their Jewish heritage, they are just being exposed to their Italian Catholic heritage as well. The court finds that it does not harm the children to be enrolled in Catechism classes and to expose them to the Catholic religion.[2]
TRANSPORTATION
Under the visitation agreement the plaintiff picks up and drops off the children for every visit on alternative weekends. Plaintiff argues it is an undue burden on him to do so. Plaintiff requested that the parties meet at a half-way point and exchange the children for each visit but the defendant objected to this type of arrangement. The court orders the CT Page 9754 parties to alternate the transportation duties. Parties are to alternate between plaintiff picking up and dropping off the children in New Jersey and the defendant dropping off and picking up the children in Connecticut. This schedule begins with the plaintiff transporting the children on the next visitation.
DEDICATED PHONE LINE
The court also orders that a dedicated phone line be installed solely for the children's use at their residence. The adults may not use it unless to speak with the children. The costs associated with the phone line shall be split equally between the parties.
NORKO, J.