KENNETH R. PALMIERI *v.* AMELIA L. PALMIERI

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued February 5—decision released July 13, 1976

*Stephen Wizner,* with whom were *Mary F. Keller* and, on the brief, *Dennis E. Curtis,* for the appellant (defendant).

*Robert N. Schmalz,* for the appellee (plaintiff).

*Gerald H. Kahn,* for the minor children.

PER CURIAM. This is an appeal from a judgment of the Superior Court rendered by a trial referee sitting as a court. The sole issue on the appeal is whether the court abused its discretion in this proceeding for the dissolution of a marriage in awarding to the plaintiff father custody of the two minor children of the parties without any right of visitation being granted to the defendant mother.

The finding of the court, as well as its memorandum of decision, clearly indicates that the court fully realized the drastic nature of its decree and the result of its conclusion that the best interest and welfare of the minor children warranted that the defendant mother be denied custody and rights of visitation and that the plaintiff father be awarded sole custody. The evidence printed in the appendix

to the plaintiff's brief, including the reports and recommendations of two trained social psychiatric workers, the family relations officer of the Superior Court and the attorney appointed by the court to represent the interests of the children, more than amply supports the findings and conclusions of the court. In addition, of course, the court had the important benefit of observing the parties and hearing their testimony with respect to the children.

"We have consistently held in matters involving child custody that while the rights, wishes and desires of the parents must be considered it is nevertheless the ultimate welfare of the child which must control the decision of the court." *In re Appeal of Kindis,* 162 Conn. 239, 242, 294 A.2d 316. "The legal rights of no one, including a parent, are allowed to militate against this." *Doe* v. *Doe,* 163 Conn. 340, 343, 307 A.2d 166. In reaching a decision as to what is for the best interests of a child, the court is vested with a broad discretion. "We cannot interfere with the exercise of that discretion in the absence of a showing that it involves the violation of some legal principle or right or that the court's discretion has been abused." *Adamsen* v. *Adamsen,* 151 Conn. 172, 180, 195 A.2d 418. No such circumstances appear in the record before us. On the contrary, it appears that the court heard the parties fully and acted with paramount consideration for the welfare of the children.

There is no error.