[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife has brought suit for a dissolution of her marriage to the defendant husband on the ground of irretrievable breakdown and seeks custody of two minor children approximately four and one half years, and six and one half years of age; an equitable distribution of the parties real and personal property; possession of the family residence, and attorney's fees. The answer admits all the allegations of the CT Page 7560 complaint and by way of cross complaint it seeks a dissolution of marriage on the same ground; custody of the minor children; an equitable distribution of the parties real and personal property, child support; alimony; possession of the marital residence and counsel fees. The parties by their pleadings agree that the marriage has broken down irretrievably; a conclusion with which this court agrees on the basis of the evidence produced. Both parties have contributed to the breakdown with fault equally attributed to both. In the interests of the children and the parties the court will not detail the evidence upon which this conclusion was reached.
In determining the custody of the minor children, the guiding principle is what is best for the benefit and welfare of the children. "The only relevant consideration . . . is the welfare of the child." Fagan v. Fagan, 131 Conn. 688, 690. Sullivan v. Sullivan, 141 Conn. 235, 242; Murphy v. Murphy, 143 Conn. 600,603; see Kelsey v. Green, 69 Conn. 291 299; Palmieri v. Palmieri, 171 Conn. 289, 290; Ridgeway v. Ridgeway, 180 Conn. 533,541.
 In making or modifying any order with respect to custody or the visitation, the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference, provided in making the initial order the court may take into consideration the causes for dissolution of the marriage or legal separation if such causes are relevant in a determination of the best interests of the child.
Section 46b-56(b) of the General Statutes. See Yontef v. Yontef, 185 Conn. 275, 282; O'Neil v. O'Neil, 13 Conn. App. 300,303. Determining the physical custody of these children is a more difficult matter than usual since the defendant father is moving to Austin, Texas where he will be reestablishing a business he has conducted for years in this area. It is apparent that a award of custody to either parent will be a cause of hardship in the visitation with the children of the parent not in possession because of the geography, transportation and communication involved. The court finds that the best interest and welfare of the minor children, Kiersten Ann Pry and Robert Arthur Pry will be served by awarding their CT Page 7561 legal custody jointly to both parents, however the plaintiff wife shall have physical possession of them. In arriving at this decision the court has considered the psychologist's recommendation to the same effect, after he had consulted with the children and the parents. The defendant shall have liberal and flexible rights of visitation, which shall include but not be limited to: one weekend a month in Connecticut or Texas if he can arrange suitable convenient transportation together with adequate supervision for their air flights; all school vacations during the school year in Connecticut or Texas if he can arrange suitable convenient transportation together with adequate supervision for their air flights; the first half of the summer school vacation either in Connecticut or Texas if he can arrange suitable convenient transportation together with adequate supervision for their air flights, and reasonable visitation whenever he in in the area. In the event the defendant does not move to Texas the visitation which has been in effect pendente lite shall become the orders of this court. Because both parents have had behavioral problems, the wife's of a more recent nature, the custody and possession awarded herein shall be reviewed every three months by this court for the next two years. Because of the defendant's distance from the children, all emergency situations, which concern them, shall be handled by the plaintiff, all other decisions shall remain within joint custody.
With respect to alimony, support and a division of the property of the parties, the law and elements thereof to be considered has been stated in 46b-81 and 46b-82a C.G.S. and interpreted as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82. Thomas v. Thomas, 159 Conn. 477, 486, 271 A.2d 42 (1970). `This court has reiterated time and again that awards of financial settlements ancillary to a marital dissolution, rest in the sound discretion of the trial court.' Posada v. Posada, Conn. (41 Conn. L.J., No. 32, pp. 16, 17) (1980). Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets, and opportunity CT Page 7562 for future acquisition of assets, of each of the parties. Fucci v. Fucci, Conn. (41 Conn. L.J., No. 12, pp. 12, 13) (1979), no single criterion is preferred over all the others. To weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determination the financial circumstances, both actual and potential, are entitled to great weight.
Valente v. Valente, 180 Conn. 528, 530.
Since "(i)t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366,368, this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." (46b-82 and 46b-81(c)). Weiman v. Weiman,181 Conn. 232, 234. The trial court may place varying degrees of importance on each criterion according to the factual circumstances of each case. Carpenter v. Carpenter, 188 Conn. 736,740. In considering all the elements and requirements of the statutes involved, the cases dealing with the subject and all the evidence, the court enters the following orders. The defendant is ordered to transfer his interest in the real estate known as 26 Oakwood Drive, Monroe, Connecticut to the plaintiff but only if she can arrange to save it from foreclosure which is presently being pursued. If she cannot save it as noted the order of transfer is cancelled. Notice of acceptance or cancellation shall be made by the plaintiff within one month. The defendant is ordered to transfer his interest in the real property located at 1880 Godfrey Road RD #1 Leechburg, Pennsylvania to the plaintiff. The plaintiff is ordered to transfer her interest in the real property located at 30 Wellington Avenue, Newport Rhode Island and Lot GI 1277 Benton, Missouri to the defendant. Encumbrances exist on all those premises and they shall be the liability of the party receiving them and they shall save the transferring party harmless from those encumbrances. All of the furniture, furnishings and fixtures located at 26 Oakwood Drive, Monroe are awarded to the plaintiff except for the boat which is awarded to the defendant together with his personal belongings including his skis and the CT Page 7563 personal belongings located in the crawl space. The defendant is also awarded the Nissan and Chrysler automobiles and the truck which had been in the plaintiff's possession; the First County checking account, all the furniture, furnishings and fixtures located at the apartment he is presently occupying and all the assets of his business. The plaintiff is further awarded the People's Bank account and the 100 shares of CIRI stock. All of the liabilities shown on both parties affidavits filed August 3, 1993 with the court shall be the liability of the party on whose affidavit they appear and each party shall save the other party harmless from those liabilities.
The court does not award attorneys fees to either party after a consideration of the parties respective financial situations. Durak v. Durak, 210 Conn. 462, 477.
Child support is ordered to be paid by the defendant to the plaintiff in the amount of $100.50 per week for each child beginning on the date this decision is filed. The defendant is further ordered to pay the sum of $50.00 per week as alimony until the youngest child reaches eighteen years of age when it shall cease. Any arrearages from alimony and support pendente lite which are owing by the defendant are made lump sum alimony and shall be paid within two months of the date herewith. The defendant is ordered to maintain his present life insurance policy in the face amount of $400,000 with the children as the irrevocable beneficiaries until the eighteenth birthdate of the youngest child. He is further ordered to maintain health and dental insurance on the minor children until the eighteenth birthdate of the youngest child. Any medical or dental expenses not reimbursed by such insurance shall be shared equally by the parties. The court makes no order with respect to the pen and ink caricature on which both parties have submitted a substantial amount of evidence since the court is satisfied with the disposition made of that item by the defendant.
The court finds that the attorney for the minor children is entitled to a fee of $8,325.00 which the court finds to be reasonable and merited. See Piontedosi v. Florida, 186 Conn. 275,279. That amount shall be shared equally by the parties and shall be paid within one year.
Judgment shall enter for a dissolution of the marriage on the grounds of irretrievable breakdown and all orders and awards hereinbefore made are made a part of that judgment. CT Page 7564
LEVINE, S.T.R.