PATRICIA KELLY *v.* LAWRENCE KELLY
(AC 18054)

Spear, Sullivan and Dupont, Js.

Argued February 23—officially released June 29, 1999

*William C. Bieluch, Jr.*, for the appellant (plaintiff).

*Mille M. Fazzio*, for the appellee (defendant).

*Elizabeth T. Sharpe*, for the minor children.

DUPONT, J. The plaintiff appeals from the judgment of the trial court granting the defendant's postjudgment motions. The plaintiff also appeals from the decision of the trial court denying her motion to reargue. The plaintiff claims that the trial court (1) violated her due process rights by granting the defendant's motions without holding an evidentiary hearing and (2) improperly modified the August 20, 1996 dissolution judgment without finding a material change in circumstances since the prior order of the court or without finding that such modification was in the children's best interests. We reverse the judgment of the trial court in part and affirm it in part.

The following facts and procedural history are relevant to this appeal. On August 20, 1996, the trial court dissolved the parties' marriage and awarded sole custody of their minor children to the plaintiff, with reasonable visitation rights in the defendant. The dissolution judgment incorporated by reference the parties' separation agreement, which contained the terms and conditions of custody and visitation of the two minor children. Since the date of the dissolution judgment, the parties have filed numerous motions concerning the issues of custody and visitation of the minor children. Five of those motions are the subject of this appeal.[1]

On November 5, 1997, the defendant filed a motion to modify the dissolution judgment to seek joint custody of the children on the ground that there was a substantial change in circumstances of the parties because the defendant was being denied visitation by the plaintiff.

---

[1] A motion for review filed in this court by the plaintiff on February 27, 1998, was accompanied by a "History of the Case" that contained a five and one-half page list of the various motions filed by both parties since September, 1994.

The defendant also filed a motion seeking an order finding the plaintiff in contempt for failing to comply with the agreement of the parties concerning visitation.

On January 13, 1998, the defendant filed three additional motions. The defendant's motion for referral to the family relations office sought an order requiring the parties to mediate certain issues as set forth in the August 20, 1996 dissolution decree and agreement incorporated therein. Another motion sought to modify the August 20, 1996 agreement of the parties concerning therapy sessions and to modify a January 6, 1997 stipulation of the parties regarding certain conditions of the defendant's visitation of the minor children. A third motion requested an order finding the plaintiff in contempt and requiring the children and the plaintiff to resume therapy in accordance with their written stipulation for judgment.

At the short calendar hearing on January 26, 1998, the trial court heard arguments from counsel as to the pending motions. The plaintiff's counsel requested that the motions be dismissed and, in the alternative, that he be allowed to present witnesses to address the allegations contained in the motions. The trial court, however, granted the defendant's motions, stating, "No hearing. No evidence."[2]

Subsequently, on March 30, 1998, in response to the plaintiff's motion requesting that the trial court articulate its reasons for granting the defendant's motions without an evidentiary hearing, the trial court filed a written articulation. In its articulation, the trial court

[2] On January 29, 1998, the plaintiff filed this appeal. On February 6, 1998, the plaintiff filed a motion for stay pending appeal and a motion to reargue. The trial court denied both motions. On February 27, 1998, the plaintiff filed an amended appeal from the trial court's denial of her motion for stay and motion to reargue. This court dismissed the portion of the plaintiff's amended appeal that raised a stay question.

stated that it was familiar with the file, having con-
ducted "an extensive evidentiary hearing concerning
postjudgment visitation in 1997." The court noted that
most of the postjudgment filings relate to visitation,
pickup and drop-off arrangements, transportation and
telephone calls to and from the minor children. The
court detailed its prior involvement with the file as to
visitation rights, and its review of the transcripts of
hearings conducted by another judge on visitation. Basi-
cally, the trial court's reasons for not scheduling an
evidentiary hearing were that "micromanaging" the file
was consuming too much valuable court time, counsel
of the parties could not agree as to the existing court
orders, an evidentiary hearing could not be scheduled
for six weeks and the court had prior knowledge of the
file and the transcripts of other hearings on the subject
of visitation. The question is whether an evidentiary
hearing was required, given the nature of the motions
to be decided and the circumstances as described by
the trial court.[3]

---

[3] The trial court correctly lists, in its articulation, the defendant's motions
that were before it, which the judgment file shows as all granted. The trial
court, however, in its articulation, changes the outcome of two of the motions
and does not rule on another. The articulation states that "[a] January 26,
1998 family services referral *would be fruitless*" and that "[i]n effect, the
January 26, 1998 order changed the pre-January 26, 1998 status of the parties:
(1) The location of the visitation pickup and drop-off changed, (2) the
children were ordered to resume the previous court-ordered therapy with
the therapist designated in that order, not the therapist unilaterally chosen
by the plaintiff mother, (3) the plaintiff would pay modest attorney's fees
to the defendant, the amount of which was not then determined, (4) the
custody modification and all other motions, *did not intend to change the
custody orders in effect as of January 26, 1998*, and (5) the mother was
found in contempt for interfering with visitation but no sanctions were
ordered." (Emphasis added.) In effect, the articulation changes the prior
judgment as to the motions concerning custody and the family relations
referral. The articulation states that custody was not changed and that a
referral to family services was not warranted, in effect denying rather than
granting the defendant's motions. "[P]roper utilization of the motion for
articulation serves to dispel any . . . ambiguity by clarifying the factual
and legal basis upon which the trial court rendered its decision . . . . An
articulation, however, is not an opportunity for a trial court to substitute a

The plaintiff first claims that the trial court improperly granted the defendant's motion modifying the August 20, 1996 judgment concerning custody without finding that a material change of circumstances had occurred or that the order sought to be modified was not based on the best interests of the children. We agree.

The authority to render orders concerning custody and visitation is found in General Statutes § 46b-56, which provides in relevant part: "(a) In any controversy before the Superior Court . . . the court may at any time make or modify any proper order regarding . . . custody and visitation . . . ." That section further provides that in "modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child . . . ." General Statutes § 46b-56 (b). "[Our Supreme Court] has limited the broad discretion given the trial court to modify custody orders under General Statutes § 46b-56 by requiring that modification of a custody award be based upon either a material change of circumstances which alters the court's finding of the best interests of the child . . . or a finding that the custody order sought to be modified was not based upon the best interests of the child." (Internal quotation marks omitted.) *Walshon* v. *Walshon*, 42 Conn. App. 651, 657, 681 A.2d 376 (1996).

"To obtain a modification, the moving party must demonstrate that circumstances have changed since

new decision [or] to change the reasoning or basis of a prior decision." (Citation omitted; internal quotation marks omitted.) *Walshon* v. *Walshon*, 42 Conn. App. 651, 655–56, 681 A.2d 376 (1996). Accordingly, we are constrained to follow the transcript of the oral decision and the judgment file signed by the trial judge, which reflect that the motions to modify custody and for a referral to family relations were granted.

None of the defendant's motions relates to a request to modify drop-off and pickup locations for visitation with the children, as is stated in the trial court's articulation. A motion to delete a paragraph of the parties' prior agreement relating to visitation was not discussed in the articulation, although granted in the judgment file and orally.

the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. In making such an inquiry, the trial court's discretion is essential. The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided . . . . Rather, the trial court's discretion only includes the power to adapt the order to some distinct and definite change in the circumstances or conditions of the parties." (Citations omitted.) *Borkowski* v. *Borkowski*, 228 Conn. 729, 737–38, 638 A.2d 1060 (1994).

The effect of the trial court's granting of the defendant's motion to obtain joint custody was to modify the August 20, 1996 judgment awarding sole custody of the minor children to the plaintiff. In this case, however, the trial court made no finding of a substantial change in circumstances or concerning the best interests of the children. *Hall* v. *Hall*, 186 Conn. 118, 120–21, 439 A.2d 447 (1982) (paramount concern in ordering custody is best interests of child); *Brubeck* v. *Brubeck*, 42 Conn. App. 583, 585, 680 A.2d 327 (1996) (trial court must find material change in circumstances since prior order of court before modifying custody, but ultimate test is best interests of child). Accordingly, the trial court's modification of the dissolution decree without a requisite finding was improper, and the defendant's motion for a modification of custody should not have been granted.

One of the defendant's motions sought modification of a January 6, 1997 stipulation of the parties concerning visitation in which the defendant agreed not to go to the plaintiff's house or to the Glenbrook community

center. The plaintiff claims that the trial court improperly granted this motion without holding an evidentiary hearing.

Pursuant to § 46b-56, a trial court may at any time modify any proper order regarding visitation. In modifying an order concerning visitation, the trial court shall "be guided by the best interests of the child . . . ." General Statutes § 46b-56 (b). Here, the trial court orally granted the motion modifying visitation without a hearing and evidence concerning the children's best interests. The modification sought by the defendant was not trivial in view of the history of the parties;[4] the effect of the trial court's granting of the motion was to permit the defendant to visit the children at the plaintiff's home and at the Glenbrook community center. A review of the record in this case reveals numerous incidents involving disputes between the parties at the plaintiff's home that resulted in police intervention. Given the history of this bitter and protracted dissolution case and the hostility between the parties as noted by the trial court in its articulation, and as evidenced by the myriad of post-judgment filings concerning the issue of visitation,[5] the change in visitation here constituted a substantial modification of the previous visitation order. We therefore conclude that the trial court should have held an evidentiary hearing to determine whether such modification

[4] The parties in this case filed other postjudgment motions concerning visitation, resulting in the trial court's micromanaging every minute detail of pickup and drop-off. For example, on February 24, 1997, at a lengthy short calendar hearing, the court had established detailed visitation guidelines. The children were to be picked up in a Roman Catholic church nearest to the Whitestone bridge; each party was to telephone the other one hour prior to the designated visitation; the court entered orders in case one of the parties arrived late; the plaintiff was ordered to have another adult with her to drive; neither party was to bring a camera; and the exchange of visitation would take place inside the church, parish hall or rectory.

[5] The trial court was understandably concerned about judicial economy and about the parties' inability to manage a peaceful relationship for the benefit of their children.

was in the best interests of the children. The granting of this motion without such a hearing was improper.

The next ruling of which the plaintiff complains ordered the resumption of therapy with a particular therapist as previously ordered. The plaintiff claims that she should have been able to introduce evidence in connection with her objection to the defendant's motion concerning which therapist should be hired for the family members and who should pay for it. In the absence of an evidentiary hearing, she claims a denial of federal and state constitutional rights. To determine which therapist should treat the mother, father and children, it was necessary to take evidence. The court was aware that "a substantial amount of evidence would be offered" and that a child psychologist was present to testify. As to this failure to hold an evidentiary hearing, we conclude that the plaintiff must be given a reasonable opportunity to be heard. *Roberts* v. *Roberts*, 32 Conn. App. 465, 475, 629 A.2d 1160 (1993). "It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved. . . . Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Citation omitted; internal quotation marks omitted.) Id.; see also *Woodward* v. *Woodward*, 44 Conn. App. 99, 103, 686 A.2d 1010 (1997).

The plaintiff next argues that the trial court violated her due process rights by finding her in contempt without holding an evidentiary hearing. We agree.

"Contempts of court may be classified as either direct or indirect, the test being whether the contempt is

offered within or outside the presence of the court. *Cologne* v. *Westfarms Associates,* 197 Conn. 141, 150, 496 A.2d 476 (1985)." (Internal quotation marks omitted.) *Duve* v. *Duve,* 25 Conn. App. 262, 269, 594 A.2d 473, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992). The plaintiff's alleged failure to comply with the visitation order is, therefore, indirect contempt because it occurred outside the presence of the trial court. See id.

"A finding of indirect civil contempt must be established by 'sufficient proof' that is premised on competent evidence presented to the trial court and based on *sworn* testimony. . . . A trial-like hearing should be held if issues of fact are disputed." (Citation omitted; emphasis added.) *Bunche* v. *Bunche,* 36 Conn. App. 322, 324, 650 A.2d 917 (1994). "Due process of law requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. . . . Because the inability of [a party] to obey an order of the court, without fault on his part, is a good defense to a charge of contempt . . . the [party] had the right to demonstrate that his failure to comply with the order of the trial court was excusable." (Citations omitted; internal quotation marks omitted.) *Bryant* v. *Bryant,* 228 Conn. 630, 637, 637 A.2d 1111 (1994).

Here, in its articulation, the trial court noted that it had held a lengthy hearing on February 24, 1997, a short calendar date, concerning other postjudgment motions relating to visitation, pickup and drop-off of the children. The court also referred to an evidentiary hearing held on April 7, 1997, before another court in which the court expressed concern for the hostility between

the parties, the court's micromanaging the daily activities of the plaintiff and the defendant concerning visitation and the negative effect the parties' conduct was having on the children. The court acknowledged that witnesses were present and ready to testify and that substantial evidence would be offered, resulting in a lengthy hearing. The court rendered its decision based on "the court's prior knowledge of the file, argument of counsel, its prior hearing, the facts and information contained in the portion of the file furnished by the parties to the court, and the transcript of Judge Kavanewsky's findings, opinions and orders taking into account the practical effect of the pressure on the court system with inadequate staff and time to hear each matter, and balancing the seriousness of the other cases that were on the docket which had not utilized extensive court time."

The trial court's finding of contempt based on the unsworn representations of counsel was improper. "A judgment of contempt cannot be based on representations of counsel in a motion, but must be supported by evidence produced in court at a proper proceeding." *Gattoni* v. *Zaccaro*, 52 Conn. App. 274, 284, 727 A.2d 706 (1999). Furthermore, the trial court's reliance on findings and evidence from prior evidentiary hearings was insufficient to satisfy the due process rights guaranteed to the plaintiff because those hearings involved motions and factual disputes different from the one for contempt before the court. Here, the factual issues of whether the plaintiff failed to comply with various court orders concerning visitation and therapy and the reasons for any such noncompliance were disputed. The trial court did not hold an evidentiary hearing to resolve those issues. The trial court's contempt finding, therefore, lacked evidentiary support. Accordingly, we conclude that the trial court improperly held the plaintiff

in civil contempt and that a new hearing is required on the defendant's motion for contempt.

The plaintiff's final claim concerning the issue of whether she was entitled to an evidentiary hearing concerns the defendant's motion for referral to the family relations office. She claims that the trial court improperly granted this motion without holding an evidentiary hearing. We are not persuaded. This claim does not directly involve issues of custody and visitation. Moreover, the plaintiff has failed to cite any legal authority to support her claim that she is entitled to an evidentiary hearing to determine whether a referral is needed.[6]

The plaintiff also appeals from the trial court's denial of her motion to reargue. We note, however, that the plaintiff asserts in her statement of issues that the trial court improperly denied her motion to reargue without holding an evidentiary hearing, and that the plaintiff does not raise any other claims in her brief relating to her appeal from the trial court's denial of her motion to reargue. Practice Book § 11-12 specifically provides that a "motion to reargue shall be considered by the judge who rendered the decision or order. Such judge shall decide, *without a hearing*, whether the motion to reargue should be granted." (Emphasis added.) The plaintiff's claim is therefore without merit.

The judgment is reversed in part and the case is remanded for an evidentiary hearing on the defendant's motions for contempt, modification of custody, and modification of the parties' agreements as to therapy and visitation. In all other respects, the judgment is affirmed.

In this opinion the other judges concurred.

[6] In this case, the court granted the motion for referral although its articulation states that a referral would be fruitless. See footnote 3.