[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action seeking the dissolution of the marriage between Debra Ann Fortin, the Plaintiff, and Raymond William Fortin, the Defendant. There is one minor child of the marriage who is thirteen years old. On May 30, 2000, pursuant to the agreement of the parties, pendente lite orders were entered which required that the Defendant pay the first and second mortgage on the marital residence; the auto, homeowners and life insurances; $150 per week in child support; and $115 per week in alimony; as well as one-half of the child's unreimbursed medical expenses. Pending before the court is the Plaintiff's Motion for Contempt filed on March 2, 2001 in which she claims that the Defendant has failed to pay fully the first mortgage and has failed to pay his share of the child's unreimbursed medical bills. Also before the Court is the Defendant's Motion for Modification of Alimony and Support filed March 9, 2001 in which the Defendant requests a modification of the pendente lite orders because there has been a substantial change in circumstances in that he has lost his primary job and has been unable to find comparable employment.
At the time of the entry of the pendente lite orders, the Defendant claimed income from his principle employment with Logo of the Americas in the net amount of $511 plus net income of $391 from a second job with Lenscrafters for a total net income of $902 per week. The Plaintiff claimed a net income of $100 per week from her employment with the Town of Vernon. At the time of the hearing on the pending motions on April 20, 2001, the Defendant claimed net income of $595 per week from Lenscrafters alone as his principle full-tune employment and he was no longer employed by Logo of the Americas. The Plaintiff claimed only a net of $80 per week from her employment with the Town of Vernon, although she will be commencing supplemental employment as a waitress earning minimum wage.
Pursuant to the pendente lite orders, the Defendant was to pay the first and second mortgages on the jointly owned marital residence which total approximately $1554 per month; plus the auto, homeowners and life insurance which total $185.44 per month; plus $150 per week child support; and $115 per week alimony; for a total payment of approximately $670.52 per week. The Plaintiff's motion for contempt alleges that the Defendant has failed to pay fully the first mortgage and the unreimbursed medical bills. No claim is made that he has failed to comply with the other pendent lite orders. As to the unreimbursed medical bills, the parties stipulated that the Defendant would pay $63.50 within one week of the hearing. Thus the only issue before the court on the motion for contempt is whether the Defendant has willfully failed to comply with the order requiring that he pay the first mortgage.
There is no dispute that the first mortgage is presently in default in CT Page 5810 the amount of $8,086.50 which represents the payments due as of April 3, 2001. The defendant did pay the mortgage payments due from the date of the pendente lite orders until the October payment although the October payment was paid in partial payments in December and January. Therefore the arrearage represents the mortgage payments due from November to April.
"To constitute contempt, a party's conduct must be wilful. Ford v.Ford, 52 Conn. App. 522, 529, 727 A.2d 254 (1999). Noncompliance alone will not support a judgment of contempt. Issler v. Issler,50 Conn. App. 58, 64, 716 A.2d 938 (1998), rev'd on other grounds,250 Conn. 226, 737 A.2d 383 (1999)." Bowers v. Bowers, 61 Conn. App. 75,81 (2000).
At the time of the pendente lite orders, the Defendant was employed by Logo of the Americas as a commissioned salesperson. He left that job about two months later when his draw against commission was reduced. He then went to work for a friend for about three months until the friend could no longer afford to pay him. He was then unemployed for about six weeks. Next he obtained another sales job but the expenses were unreasonable in light of his income from the job and so he quit. As a result, he began to fall behind in the mortgage. In the meantime he increased his hours at Lenscrafters and he is now working anywhere from 40 to 56 hours per hour there. He also continues to look for work in the commissioned sales field.
The plaintiff argues that since the entry of the pendente lite orders the Defendant has paid over $5700 on other debts rather than pay the court ordered payments on the mortgage and voluntarily left his sales employment, therefore warranting a finding of contempt. The Court does not believe that the Defendant willfully disobeyed the Court order to pay the first mortgage. The Defendant has complied with the other terms of the pendente lite order and has, as a result of the loss of his second job, increased his employment at Lenscrafters to full-time. The debts he paid were primarily state and federal taxes, the failure to pay which could have resulted in the garnishment of his wages. Although the Court finds that the Defendant owes an arrearage of $8086.50 on the pendente lite orders, the Court does not find the Defendant in contempt of those orders. The Motion for Contempt Pendente Lite is denied.
As to the Motion for Modification, Conn. Gen. Stat. Section 46b-86
permits the Court to modify a pendente lite order upon the "showing of a substantial change in circumstances of either party." "`To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it . . . (Citations omitted.) CT Page 5811Borkowski v. Borkowski, 228 Conn. 729, 737-38, 638 A.2d 1060 (1994).'"Kelly v. Kelly, 54 Conn. App. 50, 55-56 (1999). Here the Defendant's income has been reduced by over $300 per week since the date of the original pendent lite orders even though he has made efforts to make up for the loss of income from his sales job by increasing his hours at Lenscrafters. This constitutes a substantial change in circumstances.
The parties agreed that the child support order would not be reduced but continue at the current level which is consistent with the Child Support Guidelines. Therefore the child support order shall continue in the amount of $150 per week. The Motion for Modification is granted, the pendente lite orders are modified to require that the Defendant contribute $1000 per month to the first and second mortgages effective with the mortgage payments due in May, 2001. Effective the date of the Motion for Modification, March 9, 2001, the Defendant shall pay $20 per week alimony. The Defendant shall continue to be responsible for payment of the auto, homeowners and life insurances and one-half of the child's unreimbursed medical expenses. As to the arrearage of $8086.50, that amount shall be deducted from the Defendant's share of the equity in the marital residence. The Defendant shall advise the Plaintiff through counsel within two weeks from the date of his securing any additional employment.
BY THE COURT,
Scholl, J.