[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION POST JUDGMENT (MOTION #124)
Pursuant to Connecticut General Statutes sections 46b-56[1] and Connecticut Practice Book section 25-26,[2] the court heard evidence concerning the defendant's motion to modify visitation.
On September 10, 1997, the trial court, Ballen, J., entered an order of dissolving the parties' marriage, incorporating into his judgment a written separation agreement. The court gave the parents joint legal custody of their two children: Susan Taylor Anne born February 29, 1992; and Robert Jorge, born September 16, 1993.
The issue before this court is the defendant's motion for modification dated August 14, 2000.
 I. PROCEDURAL HISTORY
At the time of the dissolution in 1997, the plaintiff lived in Chicago, Illinois. The judgment provided:
 "[T]he husband shall have liberal access to the children, included but not limited to every weekend, during school vacations and alternating all holidays as mutually agreed by the parties and exercisable upon reasonable notice to the wife.
 "Any expense or cost involved in the Husband's exercise of his rights of visitation shall be and remain his responsibility and will be paid for by him."
On March 30, 1999, while the plaintiff still lived in Chicago, that agreement was modified. In its place was a detailed visitation schedule that provided in relevant part:
 "Exclusive of the holiday and vacation weekends as otherwise set forth herein, the children will spend two out of every three weekends with the Father. . . . Every third weekend will be spent with the Mother.
"The Father's work schedule may require him to travel on an emergency business related trip during a weekend CT Page 3651 during which he would otherwise spend with the children. In that event, the children will remain with the Mother in lieu of one of the Mother's regularly scheduled weekends. . . .
The agreement further provided a detailed holiday and summer vacation schedule. It contained many provisions that extended the plaintiff's weekend visitation. It allowed him to have his children for all bank holidays, providing the option:
 "If the bank holiday weekend is not one of the Father's regular scheduled periods of visitation . . . the Father shall have visitation on the bank holiday weekend in lieu of one of the Father's regularly scheduled weekends."
It further provided that the defendant would arrange all birthday parties for the children. It finally contained the provision:
 "Both parents will be responsible and shall take the children to their regularly scheduled athletic activities. If the children are invited to attend a birthday party of one of their friends on a day when the children are scheduled to have visitation with the Father, the Mother shall notify the Father upon receipt of the invitation. If the parties disagree as to the child's attendance at a particular party, they shall switch weekends so that the Mother shall have the children on the weekend with the disputed party and the Father shall have the Mother's next weekend with the children regardless of any parties scheduled on the Mother's weekend. However, if prior to the receipt of an invitation from the Mother the Father has advised the Mother of unalterable plans made for the children on that weekend, the Father shall keep the weekend with the children regardless of the party schedule."
On August 14, 2000, the defendant filed the instant post judgment motion for modification. Therein she alleged that since the date of the last modification there has been a substantial change of circumstances that warrants a change in the visitation schedule.
 II. STATEMENT OF FACTS
Based upon the evidence presented, the court finds the following: CT Page 3652
At the time of the dissolution of this marriage, and again at the time of the last modification, the plaintiff lived in Chicago. He commuted to New York City each weekend, during which time he visited his children. Subsequent to the last modification, the plaintiff has relocated to New York City.
Since the time of the last modification, the activities of the two minor children, Robert and Susie, have changed significantly. The children have aged. As a result, their activities have changed dramatically. They have become involved in school, athletic and extra-curricular activities. Additionally, they now attend religious education classes on weekdays. Their desire to remain in their own community and participate in local events has increased. Furthermore, as is common as children grow older, these young individuals wish to spend more of their leisure time with their friends in the community.
Since the date of the last modification, the defendant has begun working. She is also pursuing a master's degree in elementary education. This involves class work and evening preparation. It also involves work during the summer.
The defendant has spent an increasing amount of time trying to accommodate the children's natural developmental needs to their father's desires. The bulk of the defendant's time with her children during the week is spent as a chauffeur, driving the children to various activities. While not driving, she bears the responsibility for the children's general evening activities such as meals, homework and hygiene. As a consequence, the defendant spends little leisure time with the children. Since the date of the dissolution, the plaintiff has spent only four week nights with the children.[3]
 III LEGAL ANALYSIS
Connecticut General Statutes § 46b-56 provides in relevant part: "(a) In any controversy before the Superior Court . . . the court may at any time make or modify any proper order regarding . . . custody and visitation. . . ." In considering modification of custody or visitation orders, the court must be guided by the best interests of the children and not the best interest of the parties. General Statutes § 46b-56
(b)(1); Seymour v. Seymour, 180 Conn. 705, 709, 433 A.2d 1005 (1980). In order to prevail on a motion to modify custody, the moving party must prove by a preponderance of the evidence that there has been a material change of circumstances which alters the initial order. Alternatively, a court must conclude that the original custody or visitation order was not based upon the best interests of the child. Hall v. Hall, 186 Conn. 118,122, 439 A.2d 441 (1982). Not all changes in circumstances since the date CT Page 3653 of the judgment are material. Simons v. Simons, 172 Conn. 341, 344,374 A.2d 1040 (1977). "Neither parent's interests with regard to his or her children are a property right. . . . A contest relative to . . . [custody] is not one primarily to determine the rights of the respective parties but rather a determination of the best interests of the child or children. . . ." Raymond v. Raymond, 165 Conn. 735, 741, 345 A.2d 48
(1974); Kelly v. Kelly, 54 Conn. App. 50, 55, 732 A.2d 808 (1999).
 "To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstances warrant a modification of the existing order. . . . The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided. . . . Rather, the trial court's discretion only includes the power to adapt the order to some distinct and definite change in the circumstances or conditions of the parties." Kelly v. Kelly, 54 Conn. App. at 56 (citations omitted)
The court first finds in the instant case that there has been a material change in circumstances. The children have grown. As a consequence, their activities have changed significantly. They should no longer spend a large portion of their time removed from the local community and their friends therein. Additionally, the defendant's activities have changed such that her leisure time with the children has become virtually non-existent under the present set of circumstances. Because the plaintiff chose to remove himself from the children's daily activities, even after his return to the East Coast, the defendant has assumed all primary responsibilities for these children.
The court finds that there has been a material change in circumstances since the original custody determination. The next question is whether it is in the children's best interests that the court enter an order modifying the visitation schedule.
The defendant lives in New York City and travels extensively. Consequently, he does not want to spend time commuting to see the children nor does he wish to accommodate weekday visits. The children, however, are well rooted in their community. They will become increasingly so as they grow older. The present arrangement does not accommodate this critical need. CT Page 3654
The "court has ha[d] the opportunity to view the parties first hand and . . . assess the circumstances surrounding the . . . action, in which such personal factors as the demeanor and attitude of the parties are so significant. Leo v. Leo, 197 Conn. 1, 4, 495 A.2d 704 (1985); Tutalo v.Tutalo, 187 Conn. 251, 445 A.2d 598 (1982); Weinstein v. Weinstein,18 Conn. App. 622, 625, 561 A.2d 443 (1989). Willingness to accommodate the needs of the children is a critical factor.
 IV. ORDERS
In determining the best interests of the children, the court has considered all of the factors which have been recognized by the appellate courts of this state as being relevant including, but not limited to character, willingness to facilitate visitation, credibility, continuity and stability of environment and the wishes of the children. Although both parents obviously love their children, it is in the children's best interests that the current visitation schedule be modified as follows:
1. The primary residence of the children shall be with the defendant. The plaintiff shall have reasonable, flexible and liberal rights of visitation. That contact shall include visits every alternate weekend, from Friday evening at 7:00 to Sunday evening at 5:00. The weekend schedule shall begin thirty days from the date of this decision.
2. If his weekend visitation is followed by a federal holiday, the plaintiff shall return the children before Monday evening at 5:00.
3. The plaintiff shall be solely responsible for the costs associated with the transportation of the children. The plaintiff shall further be responsible for all physical transportation.
4. The plaintiff shall have the option of having the children on two separate weeks of uninterrupted time during the summer school vacation and will notify the defendant in writing by April 30th of the weeks that he intends to exercise that access. The plaintiff shall then select two separate weeks of uninterrupted vacation time.
5. The parties shall alternate the following legal holidays and school vacations with the plaintiff having Schedule A for odd-numbered years and Schedule B for even-numbered years.
The sharing of said holidays and school vacations shall supersede the regular visitation schedule. Said holidays shall be designated from 9 a.m. until 7 p. m. unless otherwise agreed by the parties or otherwise CT Page 3655 designated herein. This schedule may be modified upon agreement of the parties.
SCHEDULE A
Easter weekend
Spring school vacation
Memorial Day weekend
Christmas vacation until 6:00 p. m. on Christmas Day
Christmas Day.
SCHEDULE B
Winter school vacation
Independence Day
Labor Day weekend
Thanksgiving weekend
 Christmas vacation as of 6:00 p. m. on Christmas Day until 6:00 p. m. on New Year's Day.
6. Regardless of the regular access schedule, the defendant shall have the children with her every Mother's Day and the plaintiff shall have the children with him every Father's Day. Said day is designated to be from 9 a.m. until 7 p. m. unless otherwise agreed by the parties.
7. Each parent is expected to adapt to the changing needs and interests of the minor children, and to arrange his or her schedule to accommodate the minor children's school activities, sport events, birthday party invitations, etc., remembering that such activities are an ordinary part of the children's development and that the minor children will enjoy those activities and benefit from them.
Judgment shall enter in accordance with the foregoing orders.
DEWEY, J.