******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JAY B. PACKARD *v.* REBECCA M. PACKARD
(AC 40445)

DiPentima, C. J., and Alvord and Beach, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court
dissolving her marriage to the plaintiff, and from certain postjudgment
orders concerning the guardian ad litem and pertaining to the sale
of the marital residence. *Held* that this court declined to review the
defendant's claims, which challenged the trial court's orders, and its
findings and conclusions, the defendant having failed to provide this
court with an adequate brief setting forth the legal bases for her claims
of error and the relief sought.

Argued March 14—officially released April 24, 2018

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Fairfield, and referred to the Regional Family
Trial Docket at Middletown, where the matter was tried
to the court, *Albis, J.*; judgment dissolving the marriage
and granting certain other relief, from which the defen-
dant appealed to this court; thereafter, the court, *Albis,
J.*, issued certain orders, and the defendant filed an
amended appeal; subsequently, the court, *Albis, J.*,
issued certain orders, and the defendant filed an
amended appeal; thereafter, the court, *Albis, J.*, issued
certain orders, and the defendant filed an amended
appeal. *Affirmed.*

*Rebecca M. Packard*, self-represented, the appellant
(defendant).

*Jay B. Packard*, self-represented, the appellee (plain-
tiff), filed a brief.

*Opinion*

PER CURIAM. The defendant, Rebecca M. Packard, appeals from the judgment dissolving her marriage with the plaintiff, Jay B. Packard. This appeal has been amended three times, challenging orders entered after judgment. Specifically, the defendant (1) claims that as to the April 7, 2017 judgment, the findings, conclusions and orders are erroneous; (2) challenges the July 28, 2017 order regarding renovations to the marital home; (3) challenges the August 18, 2017 order requiring her to sign a release of medical information to the guardian ad litem; and (4) challenges the October 6, 2017 orders regarding facilitating the sale of the marital home.[1] Additionally, she asserts state and federal constitutional violations. We affirm the judgment of the trial court.

The defendant, in her lengthy and detailed brief, presents no legal analysis and cites virtually no case law.[2] A narrative account of the demise of the parties' relationship and the effect of various orders on the defendant, however compelling, does not suffice as an adequate brief under our procedural law.[3] "[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Internal quotation marks omitted.) *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016); see also *Getty Properties Corp.* v. *ATKR, LLC*, 315 Conn. 387, 413, 107 A.3d 931 (2015) (claim inadequately briefed when appellants undertook "no analysis or application of the law to the facts of [the] case"); *Taylor* v. *Mucci*, 288 Conn. 379, 383 n.4, 952 A.2d 776 (2008) (analysis, rather than mere abstract assertion, required to avoid abandoning issue by failing to brief issue properly; where claim receives only cursory attention without substantive discussion or citation of authorities, it is deemed abandoned). In this matter, we are unable to determine the legal bases for the claims and relief that the defendant seeks. As a result of the defendant's inadequate brief, we decline to address the claims raised therein.

The judgment is affirmed.

[1] The defendant has filed additional amended appeals that were severed from this appeal and assigned a separate docket number. See *Packard* v. *Packard*, AC 41176.

[2] The defendant's brief, on page 38, footnote 67, cited our decision in *Kelly* v. *Kelly*, 54 Conn. App. 50, 732 A.2d 808 (1999), to support the following statement: "Unfortunately, although caselaw offers some protection of being held in contempt when such orders are in place . . . ."

[3] "[Although] . . . [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Tonghini* v. *Tonghini*, 152 Conn. App. 231, 240, 98 A.3d 93 (2014).