******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

HECTOR G. MORERA *v.* STEPHENIE C. THURBER
(AC 40176)

Elgo, Bright and Flynn, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dissolved, appealed to this court from the judgment of the trial court dismissing his motion for modification of the court's visitation orders and requesting court assistance in reunifying him with his teenaged daughter. On the day of a scheduled status conference regarding the motion for modification, the court and the parties received a report from a reunification therapist who had been appointed by the court. During the status conference, the plaintiff stated that he disagreed with the report and wanted to present his own evidence to dispute it, and complained that he was given only two hours to review the report before the status conference was scheduled to begin. The trial court stated that it had reviewed the report and, subsequently, dismissed the plaintiff's motion, determining that ordering the plaintiff and the daughter to take part in additional therapy would alienate the daughter further. On appeal, the plaintiff claimed that the court violated his right to due process of law by improperly dismissing his motion without an evidentiary hearing. *Held* that the trial court improperly denied the plaintiff the opportunity, at a properly noticed evidentiary hearing, to present his own evidence and to cross-examine the court-appointed reunification therapist; given that the plaintiff informed the court that he disputed the report and that he wanted to present evidence to support his position, and that he was given less than two hours to review the report on which the court relied in ruling on the motion for modification, the court did not offer the plaintiff an adequate opportunity to review the therapist's report and to present evidence in opposition to the report and in favor of the plaintiff's own position before the court ruled.

Argued October 11, 2018—officially released February 12, 2019

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Carbonneau, J.*; judgment dissolving the marriage in accordance with the parties' agreement and granting certain other relief; thereafter, the court, *Simón, J.*, granted the plaintiff's request for leave to file a motion to modify; subsequently, the court, *Simón, J.*, dismissed the plaintiff's motion to modify, and the plaintiff appealed to this court. *Reversed; further proceedings.*

*Hector G. Morera*, self-represented, the appellant (plaintiff).

*Opinion*

BRIGHT, J. The plaintiff, Hector G. Morera, appeals from the judgment of the trial court dismissing his motion for modification of the court's visitation orders, and requesting court assistance in reunifying him with the teenaged daughter he shares with his former wife, the defendant, Stephenie C. Thurber.[1] On appeal, the plaintiff claims that the court violated his right to due process of law by improperly dismissing his motion without giving him the benefit of an evidentiary hearing. We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history, which we have ascertained from the record, are relevant to this appeal. The court dissolved the marriage of the parties on June 18, 2012, ordered that the defendant would have sole legal and physical custody of the parties' two minor children, a son and a daughter, and entered detailed parental access orders. The court also ordered the defendant to consult with the plaintiff on all material issues concerning the children, and the parties were ordered to obtain the assistance of a parenting coordinator. On May 17, 2013, the defendant filed a motion to modify the orders contained in the dissolution judgment. Following an evidentiary hearing, the court, in an October 10, 2013 oral ruling, granted the defendant's motion for modification and ordered that "[a]ll access with the children by [the plaintiff] shall be as directed and supervised by the Klingberg Institute until written agreement of the parties with the input of Klingberg's experts or further order of the court." The court also ordered that "[n]either party shall file any motion with this court without first seeking and receiving the permission of the presiding judge." Later, the court further clarified that its order was meant to encompass a reunification program through the Klingberg Institute and that the matter was referred to Family Relations with direction to implement that order.[2]

On February 25, 2016, the plaintiff filed a request for leave to file a motion for modification, along with a motion for modification in which he sought an order for reunification therapy with his daughter. The defendant did not file an objection. On October 13, 2016, the court granted the plaintiff's request for leave, referred the matter to Family Services with specific direction, and continued the matter until November 30, 2016.

On November 30, 2016, the court ordered, inter alia, that the parties each submit the names of three reunification therapists for the court's consideration, which they did. The court, however, was dissatisfied with the names submitted by the parties, and, on December 15, 2016, it appointed Dr. Bruce Freedman as the reunification therapist.

The parties again appeared before the court at a Feb-

ruary 15, 2017 status conference.[3] The court and the parties each had received a copy of Dr. Freedman's report earlier that day. During the status conference, the court stated that it had reviewed the report, and that it did not know what more it could do to help with the plaintiff's reunification with his daughter, short of physically forcing the daughter to participate in counselling or visitation with the plaintiff. The plaintiff stated that he understood that there were consequences to his pursuing this matter further, but that he believed he needed to proceed because his "daughter deserves a father and that overweighs [any] negatives . . . ." The plaintiff also suggested to the court that it could order him and his daughter to participate in an intensive seminar with Linda J. Gottlieb, a licensed marriage and family therapist. The plaintiff then told the court that he disputed the contents of Dr. Freedman's report and that he had evidence he would like to present to the court. He also complained that he had been given only two hours to review Dr. Freedman's report before the status conference.

The court explained that it understood the loss felt by the plaintiff, but that it believed any further interference would alienate the daughter further. The court then ruled: "[h]aving said that, having taken this under careful consideration and having spent . . . the last two years pursuing avenues of redress regarding the relationships between [the plaintiff] and his children, the court sees no cure for the current status of the relationship between father and his daughter that this court can in any way heal. And, I'm going [to], at this time, dismiss the motion for modification as to the daughter."[4] This appeal followed.

On appeal, the plaintiff claims that the court violated his right to due process of law by improperly dismissing his motion without giving him the benefit of an evidentiary hearing. He argues that he had approximately two hours to review Dr. Freedman's report before the status conference, that he notified the court that he disagreed with the report, and that he told the court that he wanted to present his own evidence. He contends that the failure of the court to schedule and conduct an evidentiary hearing under such circumstances, constitutes a violation of his right to due process of law under the federal and state constitutions. We agree.

"A fundamental premise of due process is that a court cannot adjudicate any matter unless the parties have been given a reasonable opportunity to be heard on the issues involved. . . . Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. . . . It is a fundamental tenet of due process of law as guaranteed by the fourteenth amendment to

the United States constitution and article first, § 10, of the Connecticut constitution that persons whose . . . rights will be affected by a court's decision are entitled to be heard at a meaningful time and in a meaningful manner. . . . Where a party is not afforded an opportunity to subject the factual determinations underlying the trial court's decision to the crucible of meaningful adversarial testing, an order cannot be sustained." (Internal quotation marks omitted.) *Bruno* v. *Bruno*, 132 Conn. App. 339, 350–51, 31 A.3d 860 (2011); see also *Kelly* v. *Kelly*, 54 Conn. App. 50, 58, 732 A.2d 808 (1999) (in protracted dissolution case, where parties were hostile toward each other, trial court's ruling ordering resumption of family therapy with particular therapist was improper because court failed to hold evidentiary hearing at which plaintiff could present evidence in opposition).

In the present case, the plaintiff was given less than two hours to review the report on which the court relied in ruling on his motion for modification. The plaintiff informed the court that he disputed the report and that he wanted to present evidence to support his own position. The court did not offer the plaintiff an adequate opportunity to review Dr. Freedman's report and to present evidence in opposition to the report and in favor of the plaintiff's own position before the court ruled. We conclude, therefore, that the plaintiff was denied the opportunity, at a properly noticed evidentiary hearing, to present his own evidence and to cross-examine Dr. Freedman.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] The defendant has not filed a brief in this appeal.

[2] Additional proceedings have taken place in this case, which, in part, resulted in the unification of the plaintiff and the parties' minor son. Because these proceedings are not relevant to the present case, they are not discussed herein. For further background information see *Morera* v. *Thurber*, 162 Conn. App. 261, 131 A.3d 155 (2016).

[3] There is a discrepancy between the date set forth on the front of the transcript, February 11, 2017, which was a Saturday, and the date set forth on the certification page of the transcript, February 15, 2017, which was a Wednesday. It does appear that the status conference was held on February 15, 2017, and that the date listed on the front page of the transcript is a scrivener's error.

[4] We note that the court's form of judgment also was improper. Because it ruled on the merits of the motion, the form of judgment should have been a denial rather than a dismissal.